James M. Pottle, for the use of Christopher S. Luce, Plaintiff in Error, v. Solomon McWorter.

ERROR TO PIKE.

Where a bill of exceptions contains all the evidence in the case, which is insufficient to warrant the finding of the jury, yet if no exception was taken to the decision of the court, overruling the motion for a new trial, at the time it was announced, that decision cannot be assigned for error.

It is not competent to impeach an award, in an action at law, by proof that the arbitrators have erred in judgment or committed mistakes.

THE facts of this case are stated in the opinion of the court. The cause was heard before MINSHALL, J., and a jury, at the March term, 1851, of the Pike Circuit Court. Verdict and judgment for the defendant. Plaintiff below sued out this writ of error.

R. S. BLACKWELL, for plaintiff in error.

BROWNING & BUSHNELL, for defendant in error.

TRUMBULL, J. This was an action of assumpsit upon a promissory note. The defendant pleaded,

1. Non assumpsit.

2. That the parties had been partners; that a dispute arose about their partnership matters and accounts, which was referred to arbitrators; that the arbitrators awarded that the defendant should pay the plaintiff $392.91, and that he execute three promissory notes for the same, in equal amounts, payable in three, six, and nine months; that the defendant discovered that the arbitrators, in making their award, had made a mistake in the computation of figures to the amount of $400, and pointed the same out to the arbitrators; that said arbitrators and the plaintiff then agreed that if defendant would execute his notes, the arbitrators would meet again and examine and correct said mistake; that the defendant, relying upon said agreement, executed the notes;

that the arbitrators afterwards met, and one of them was satisfied of the mistake in the computation, and desired to correct the same, but that the other refused to act, and no correction took place; that the note declared upon is one of the three before mentioned; that it was given under the foregoing circumstances, and that the consideration therefor has wholly failed.

3. That the parties had been partners, and in settling their partnership affairs a mistake took place in the computation of their accounts, whereby it was made to appear, that the defendant was indebted to the plaintiff, when in fact the defendant was not so indebted, and it would not have so appeared had not a mistake occurred in the computation of the partnership accounts; that the note sued upon was executed for part of the sum so erroneously found to be due from the defendant to the plaintiff, and for no other consideration, and that by means of the premises the consideration had wholly failed.

4. That the note was given without any consideration.

Issues were made upon all the pleas, and a jury trial had, which resulted in a verdict for the defendant. The plaintiff moved for a new trial, which was denied. The bill of exceptions contains all the evidence in the case, and it is wholly insufficient to warrant the finding of the jury; but as no exception was taken to the decision of the court overruling the motion for a new trial at the time it was announced, that decision cannot be assigned for error.

The record shows that portions of the evidence offered by the defendant to support the issues on his part, were objected to by the plaintiff, the objections overruled, and exceptions taken, in proper time, to the decisions of the court admitting the same. Some of the evidence thus admitted was clearly improper, and did not tend to prove either of the issues in the case; and it is impossible to account for the finding of the jury, except upon the supposition that they were influenced by this irrelevant testimony. One of defendant's witnesses testified that he was present as a witness the first day of the arbitration, and " that he had, at the request of the defendant, looked over the books and accounts, and believed there was a mistake of about three hun-

dred dollars. He knew of no mistake in the computation of said arbitrators, but he believed that the arbitrators awarded that amount too much, against the said defendant. That he did not know what evidence was heard by the arbitrators on the said second day, or the grounds of their award."

This evidence did not tend to show that the arbitrators had made a mistake in the computation of figures as alleged in the second plea, but that they had erred in judgment, and made an improper award. The propriety of their judgment was not, however, a question before the jury, and all evidence tending to impeach their award for an error in judgment was improperly received. It is not competent to impeach an award, in an action at law, by proof that the arbitrators have erred in judgment or committed mistakes; and if it were, there was no issue in this case to justify the admission of such evidence, unless upon the point that they had made a mistake in the computation of figures. The jury must have regarded the testimony of this witness as proving that the award was, not by a mistake in the computation of figures but in other respects erroneous, and that therefore the notes given by the defendant for the amount found to be due by the arbitrators were without consideration; but there was no such issue before the jury, nor could such an issue have been properly made, and the plaintiff's objection to the testimony offered to prove such a state of facts was therefore improperly overruled.

Judgment reversed, and cause remanded.

*Judgment reversed.*