JOHN H. DANIELS

*v.*

MICHAEL SHIELDS.

1. BILL OF EXCEPTIONS—*motion for a new trial.* The mere entry of a motion for a new trial does not make the motion or the reasons therefor, a part of the record, but that must be done by bill of exceptions.

2. And this rule is not dispensed with even by an agreement of parties as to the facts of the case, conceding that such agreement became a part of the record without being embodied in a bill of exceptions.

3. It has been held that although a bill of exceptions contains all the evidence, and it is insufficient to sustain the verdict, still the court will not disturb the judgment entered upon such verdict unless it is shown by the bill of exceptions that a motion for a new trial was made and overruled.

APPEAL from the Circuit Court of Will County; the Hon. JESSE O. NORTON, Judge, presiding.

This was an action of ejectment instituted in the court below by John H. Daniels against Michael Shields, to recover certain real estate situate in the City of Joliet, described as block three and block four, in the Canal Trustee's Sub-Division of the west half of section nine, township thirty-five, range ten east.

A trial before the court, without a jury, resulted in a finding and judgment for the defendant. The plaintiff thereupon took this appeal.

It appears that the case was tried in the court below upon an agreed state of facts, which agreement, or what purports to be such agreement, is copied into the transcript filed in this court. That transcript also contains, as a part of the entry of record in the court below, after the formal entry of judgment, the following: "Thereupon, the said plaintiff, by Parks, his attorney, enters his motion for a new trial herein, which motion is overruled by the court, and to which ruling of the court in overruling his said motion for a new trial, and the judgment

of the court aforesaid, the said plaintiff, by his said attorney, then and there excepted, and prays an appeal to the Supreme Court, which said prayer it is ordered by the court be granted."

Neither the agreement of the parties, nor the proceedings in relation to the motion for a new trial, were incorporated in a bill of exceptions ; and the question arising upon this condition of the record is, whether the court can properly consider the alleged errors, at all.

Mr. G. D. A. PARKS, for the appellant.

Messrs. GOODSPEED and SNAPP, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

Even if it were conceded that the agreement of the parties, as to the facts of this case, became a part of the record without being embodied in a bill of exceptions, it does not follow that the motion for a new trial should not have been preserved by a bill of exceptions. The mere entry of a motion does not make the motion or reasons therefor a part of the record, but that must be done by bill of exceptions. This has been the uniform practice of this court announced in numerous decisions, running through our reports from an early period to the present time. *Stickney* v. *Cassell*, 1 Gilm. 418; *Dickhut* v. *Durrell*, 11 Ill. 72; *Vanderbilt* v. *Johnson*, 3 Scam. 48; *Miller* v. *Dobson*, 572; *Pottle* v. *McWorter*, 13 Ill. 454. In this last case it was held that although the bill of exceptions contains all of the evidence, it was insufficient to sustain the verdict, the court will not disturb the judgment unless it shows a motion for a new trial was made and overruled. Other cases might be referred to, but they are familiar to the profession, and these illustrate the practice and fully determine this case. The judgment must be affirmed.

*Judgment affirmed.*