# SUPREME COURT

### OF

# ILLINOIS.

---

## FIRST GRAND DIVISION.

### NOVEMBER TERM, 1866.

---

### MARY McCLURKIN

*v.*

### SAMUEL EWING.

1. BILLS OF EXCEPTIONS — *their requisites.* Unless a bill of exceptions shows on its face, that exception was taken to the judgment of the court in overruling a motion for a new trial, such judgment or opinion cannot be assigned for error.

2. Although the record may show that a party excepted to the ruling of the court below in overruling a motion for a new trial, yet, if such ruling is not made a part of the bill of exceptions or preserved as a reason for reversing the judgment, it will not avail the party so as to bring the evidence to the consideration of the appellate court, even though it be preserved in the bill of exceptions.

3. But, if the bill of exceptions shows that exception was taken to the giving of instructions, the ruling in that regard may be assigned for error, although it does not appear upon what grounds the motion for a new trial in the court below was based.

4. ACTION FOR SLANDER — *of its standing in courts.* Malicious slander is an infamous offense, and the action for it has a *status* in a court of justice,

as legitimate as any other action. It is neither favored nor flouted in law, but like all other actions must be tried on its merits. So it is not proper for a court to instruct the jury in an action of that character, that such suits are not favored in law.

5. ERROR *will not always reverse.* But, if such an instruction be given, at the instance of the defendant, and there appears to be a dearth of evidence on the plaintiff's side, the error would not justify a disturbance of the verdict.

6. CREDIBILITY *of a witness — right of the jury to judge.* In an action for slander, where it appears that a witness for the plaintiff sought the defendant in order to get testimony from him, and then urged the suit, giving it as his opinion that the plaintiff had enough, after his own contributions, to hold the defendant, the jury have a right to set but small or no value on his statements.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action for slander brought in the court below by Mary McClurkin against Samuel Ewing; a trial resulted in a verdict and judgment for the defendant. The cause is brought to this court by the plaintiff, on writ of error.

The declaration alleges, substantially, that the defendant charged the plaintiff, who was an unmarried woman, as being the mother of a child that was found in a basket at a neighbor's door.

The only question properly arising under the assignment of errors is in reference to certain instructions given on behalf of the defendant, which will be found in the opinion of the court.

Mr. H. K. S. O'MELVENY, for the plaintiff in error.

Mr. P. E. HOSMER, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of slander brought in the Circuit Court of Washington county, by Mary McClurkin against Samuel Ewing and a trial and verdict for the defendant. A motion was made for a new trial, without assigning any reasons therefor, and overruled, to which the plaintiff excepted.

The bill of exceptions contains all the evidence given on the trial, and the instructions of the court, and concludes thus: "To the giving of which instructions the plaintiff at the time objected, which objection the court overruled, and to which judgment of the court in the form of said instruction, the plaintiff by her counsel at the time excepted, and prayed that this bill of exceptions may be signed and made a part of the record in this behalf."

No allusion is made in the bill of exceptions to the action of the court overruling the motion for a new trial, nor can we know the grounds on which the motion was based, whether upon the evidence or the misdirection of the court, but would infer from the tenor of the bill, that it was on the latter ground alone, as no reference is made to any other matter as ground of exception.

It has been frequently decided by this court, that, unless the bill of exceptions shows on its face that exception was taken to the judgment of the court in overruling a motion for a new trial, such judgment or opinion cannot be assigned for error in this court. *Miller* v. *Dobson*, 1 Gilm. 573; *Dickhut* v. *Durrell*, 11 Ill. 84; *Pottle* v. *Mc Worter*, 13 id. 455, and cases cited in *Dickhut* v. *Durrell*.

It is true, the record in this case, after setting forth the rendition of the verdict, contains this statement: "Whereupon the plaintiff, by her attorneys, moves for a new trial, which motion the court denied, and plaintiff by her attorney excepts," but this ruling is not made a part of the bill of exceptions or preserved as a reason for the reversal of the judgment. The whole case is put, by the bill of exceptions, on the misdirection of the court, and that is the only question now properly before us. Such was the case in *Daniels* v. *Shields*, 38 Ill. 197.

The instructions given on behalf of the defendant were as follows:

"The court is requested to instruct the jury that slander suits are not favored in law, and, unless it has been proved that defendant spoke of plaintiff some of the words spoken in the

declaration, imputing fornication to her, the jury should find the defendant not guilty."

" If the jury believe, from the evidence of Joseph Torrance, that what defendant said at the blacksmith's shop left the impression that a person in the direction of Nashville, and not the plaintiff, was the mother of the child, that would not support this action."

" The court is requested to instruct the jury for defendant, that if, from Christie's own statement, and from the circumstances surrounding the case, and from evidence of Davis, they do not believe Christie, they will find for defendant, unless some of the words proved are established by other witnesses."

" Unless the jury believe from the evidence, that the defendant charged the plaintiff with fornication, or used words which in their common acceptation amount to such charge, or the imputation of fornication, the jury should find for defendant."

As to the first instruction, we are free to say we do not now recollect any book of authority in which the doctrine advanced in the first clause thereof is asserted.

Malicious slander is an infamous offense, and the action for it has a *status* in a court of justice, as legitimate as any other action. It is neither favored nor flouted in law, but, like all other actions, must be tried on its merits. It was not, therefore, perfectly correct in the court to say to the jury, as it did in effect, that they must look upon the action they were trying, with disfavor,—that it was an action, in some degree, under ban from which it could be rescued only by the showing of facts of the most aggravated nature. This, it seems to us, is the purport of that clause of the instruction, and was well calculated in a case evenly balanced, or nearly so, on the testimony, to prejudice a plaintiff; but in this case, where, on a careful inspection of the record, there is found a dearth of evidence on the plaintiff's side, we would not hold the error such as to justify a disturbance of the verdict. The remaining part of the in struction is unobjectionable.

The other instructions are free from serious objection. The

slander charged consisted in innendoes, solely. No witness, not even Christie, and he is the only witness whose testimony goes to any extent to charge the defendant, states that defendant gave any names, and he only gives the impressions that were made on his mind by the language of the defendant. And this witness, by his own confession, sought the defendant with a view of getting something out of him, which would sustain an action of slander. It is apparent, the jury did not place much confidence in his statements, or give to the language of the defendant, the same point this witness thought proper to give to it. The record shows no one set of words was proved as laid in the declaration, and we do not see how the jury could have arrived at any other conclusion than they did, without adopting in full Christie's impressions and inferences, which they did not think proper to do.

The merits of the case have been fully investigated by a jury of the neighborhood of the parties, supposed to be impartial, and to know the character and standing of the witnesses, and as that tribunal has found the defendant did not speak the words charged, or slander by insinuation, as Christie supposed, and as it was shown the plaintiff had said, she would bring a suit " for vengeance," urged on by Christie, and the law not being ready with its aid for such a purpose, and as we believe the instructions, taken as a whole, fairly stated the law to the jury, saving and excepting the first clause of the first instruction, we cannot allow any of the errors assigned, but must affirm the judgment.

The jury had a right to set but small or no value on Christie's statements, as he had, after endeavoring to get testimony from the defendant, urged the suit and given it as his opinion, that the plaintiff had enough after his own contributions to hold the defendant.

*Judgment affirmed.*