The St. Louis, Alton and Terre Haute R. R. Co.

*v.*

Benjamin L. Dorsey.

BILL OF EXCEPTIONS—*motion for new trial.* Where a motion for a new trial is overruled, the party making such motion should preserve the same, together with the ruling of the court thereon, and his exceptions thereto, in a bill of exceptions, or this court will not review the decision of the court below.

APPEAL from the Alton City Court; the Hon. HENRY S. BAKER, Judge, presiding.

This was an action of covenant, brought by Benjamin L. Dorsey against the St. Louis, Alton and Terre Haute Railroad Company. The plaintiff recovered judgment against the defendant for $1900, and costs of suit.

Mr. LEVI DAVIS, for the appellant.

Mr. CHAS. P. WISE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only errors assigned upon this record are:

1st. The verdict of the jury was contrary to the law.

2d. The court below erred in overruling the motion for a new trial and the motion in arrest of judgment.

3d. The court below erred in rendering judgment for the plaintiff.

It nowhere appears in the bill of exceptions copied in the record, that a motion for a new trial was made and overruled and excepted to in the court below.   The only allusion to a motion for a new trial in the record occurs in .the entry of the judgment by the clerk, in these words : "Whereupon the said defendant, by its attorneys. move the court for a new trial ; and the court being satisfied in the premises, overrules the same, when the said defendant, by its attorneys, enter a motion in arrest of judgment, and the court, having heard argument of counsel on said motion, overrules the same, to which said defendant excepts," etc.

The bill of exceptions, after giving what purports to be the evidence, concludes as follows : "Which was all the evidence introduced by the parties to said suit, and the case was submitted to the jury without instructions.   And, inasmuch as the foregoing matters do not appear of record, it is prayed that this bill of exceptions be signed and sealed, which is done."

In *Boyle* v. *Levings*, 28 Ill. 316, Mr. Chief Justice CATON, in delivering the opinion of the court, said: "We can not examine the decision of the court overruling the motion for a new trial, for the reason that it is not shown in the bill of exceptions.   The clerk states in the record, that the defendant excepted to the overruling of the motion for a new trial ; but that does not make it a part of the record.   It could only be made so by a bill of exceptions.   The law requires the certificate of the judge, and not of the clerk, to that fact."

In *Pottle* v. *McWorter*, 13 Ill. 454, the bill of exceptions contained all the evidence, and it was insufficient to sustain the verdict ; but this court held, as no exception was taken to the decision of the court overruling the motion for a new trial, at the time it was announced, it could not be assigned for error.

If the verdict of the jury was contrary to the law, appellant should have made his motion for a new trial as provided by the statute, and preserved the same, together with the ruling

of the court thereon, and his exceptions thereto, in its bill of exceptions. Not having done so, we can not inquire into the questions attempted to be raised by the errors assigned.

The judgment of the court below must therefore be affirmed.

*Judgment affirmed.*