<hr />

# WILLIAM NASON

## *v.*

# HENRY LETZ.

1. PRACTICE — *when bill of exceptions must contain all the evidence.* Where an assignment of error questions the finding of the jury upon the evi-dence before them, all the evidence must be preserved in the bill of excep-tions, and it must so state, or it will be presumed there was evidence to warrant the finding. When, however, that question is not raised, but the question is as to the admissibility of a specific item of evidence, and it is stated the evidence, with that offered, tends to prove the issue, no further

| | |
|---|---|
| 73 | 371 |
| 23a | 485 |
| 73 | 371 |
| 126 | 495 |
| 73 | 371 |
| 29a | 22 |
| 73 | 371 |
| 130 | 464 |
| 31a | 394 |
| 73 | 371 |
| 33a | 487 |
| 73 | 371 |
| 34a | 146 |
| 73 | 371 |
| 154 | 513 |
| 73 | 371 |
| 51a | 585 |
| 73 | 371 |
| 174 | 79 |
| 73 | 371 |
| 77a | 200 |
| 73 | 371 |
| 80a | 631 |
| 73 | 371 |
| 87a | 519 |
| 73 | 371 |
| 90a [1] | 6 |
| 73 | 371 |
| 194 [2] | 71 |
| 194 [2] | 72 |
| 73 | 371 |
| 108a [2] | 586 |

evidence need be set out to raise the question of the admissibility of that particular item.

2. SAME—*motions not a part of the record.* A motion for a new trial is not a part of the record, and in order to become so, it must be embodied in a bill of exceptions.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. BARBER & MUNN, for the plaintiff in error.

Messrs. HILL & DIBELL, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought in the Will circuit court, by plaintiff in error against defendant in error, for the recovery of the undivided half of a tract of land. Defendant interposed the plea of not guilty, and a trial was had resulting in favor of defendant. Plaintiff below thereupon prosecuted this writ of error, and asks a reversal on the ground that the court excluded a power of attorney, and a deed thereunder, in his chain of title.

Plaintiff, by the evidence of his attorneys, made proof that they did not have possession of the title deeds, and that plaintiff, in corresponding with one of them, stated he had never had possession of the title papers proposed to be read by him on the trial. On this preliminary proof, there was read from the records of Will county the record of a deed from Erastus Case and wife to John Birge, for the land in controversy. He then offered to read from the records a power of attorney from John Birge to Nathan C. Geer, giving to him full power and authority to sell any land he held in Will county.

To the reading of this power of attorney in evidence, it was objected that there was not sufficient preliminary proof to authorize a copy from the records to be introduced; that there was no official seal to the certificate of acknowledgment; that the conveyance from Case to Birge was a personal trust, and could not be delegated to Geer; that if it could be delegated,

the warrant of attorney showed no such intention. The court below sustained the objection, and refused to permit it to be read in evidence.

He also offered a deed from Birge to John Sims, executed by Geer as attorney in fact for Birge. On objections made by defendant, this deed was excluded. Plaintiff, in connection with this deed, offered to prove title by conveyances from Sims to himself prior to the commencement of this suit.

The bill of exceptions also states, on the offer of the record of the deed from Case to Birge, " to further sustain the issues on his part, plaintiff, by his attorneys, among other items of evidence tending to prove title of the premises in controversy in plaintiff in this suit, from the United States government, offered in evidence the record of a deed from Erastus Case and wife to John Birge, recorded in said book 'G,' page 254." This deed was admitted in evidence.

It is urged, by defendant in error, that the bill of exceptions does not purport to contain all the evidence, and for that reason the court should not consider the error assigned on the exclusion of the power of attorney and the deed. In this, defendant in error misapprehends the practice. Where the error assigned questions the finding of the jury under the evidence before them, all the evidence must be preserved in the bill of exceptions, and it must so state, or we will presume the evidence warranted the finding.

Where, however, that question is not raised, but a question as to the admissibility of a specific item of evidence, and it is stated that the evidence, with that offered, tends to prove the issue, no further evidence need be set out to raise the question of the admissibility of that particular item of evidence. Suppose, in this case, the bill of exceptions had stated that plaintiff had deraigned title from the general government to Case, or had offered evidence tending to prove such title, and after the rejection of the power of attorney and deed, he had offered, as he did, to prove the conveyance of title from Sims to him, there could be no doubt that the question of the admissibility of those instruments would have been fairly and properly pre-

sented. If that was the only question he desired to present, why incur the expense, incumber the record and render it more inconvenient to copy deeds at large into the bill of exceptions, when there exists no objection to them as evidence? It is no part of the duty of an attorney to oppress litigants with unnecessary costs.

So, where a party only desires to question the decision of the court in giving or refusing instructions, it is seldom necessary to set out all the evidence in the case, nor do we regard it as the best practice. Where it is stated that the evidence tended to prove the issues in the case, but was conflicting, the propriety of giving or refusing an instruction is as fairly presented as by setting out voluminous questions and answers, which impose on attorneys an unnecessary amount of labor and oppress parties with unnecessary costs. It requires no great skill to so prepare a bill of exceptions as to present such questions without embodying all the evidence in the record.

It is, however, urged that even if this bill of exceptions is so framed as to present the question sought to be raised, it is wholly insufficient, because it nowhere appears from the bill of exceptions that there was a motion for a new trial overruled by the court; that the mere entry of such a motion does not make it a part of the record, but to become a matter of record it must be embodied in the bill of exceptions. This court has so announced the rule in the cases of *Daniels* v. *Shields*, 38 Ill. 197, *McClurkin* v. *Ewing*, 42 Ill. 283, and *Gill* v. *The People*, id. 321. These cases are regarded as conclusive of the practice on this question. From them we are prohibited from inquiring into the question whether the court erred in rejecting this evidence. It was only ground for a new trial if erroneous, and should have been so urged; and on overruling the motion, it should have been preserved in a bill of exceptions, before error could be assigned on that decision of the court.

The judgment of the court below is affirmed.

*Judgment affirmed.*