EDWARD C. REICHWALD

*v.*

SAMUEL K. GAYLORD *et al.*

PRACTICE—*exceptions to denying motion for new trial must be preserved by bill of exceptions.* Even if the evidence is not sufficient to sustain the verdict, this court will not reverse the judgment rendered thereon, unless it appears, from the bill of exceptions, that a motion for a new trial was made and overruled in the court below, and exceptions taken thereto at the time.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BURNS, Judge, presiding.

Mr. S. M. DAVIS, for the appellant.

Mr. JAMES E. MUNROE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees in the Superior Court of Cook county, against appellant and one Daniel K. Bryant. The declaration contained the common counts. Appellant pleaded the general issue, and a plea denying joint liability with Bryant. Appellees dismissed their suit as to Bryant, and a trial was had before a jury, which resulted in a verdict in favor of appellees, for $266.50, upon which the court rendered judgment. Appellant brings the record here, and urges a reversal of the judgment upon two grounds:

504      Reichwald *v.* Gaylord *et al.*      [Sept. T.

Opinion of the Court.

*First*—The court erred in giving appellees' instructions one, two, three and four.

*Second*—The verdict is not sustained by the evidence.

The instructions objected to are as follows:

"1. If the jury believe, from the evidence, that the plaintiffs shipped to Chicago two car-loads of corn, consigned to D. K. Bryant; that said corn was sold by said Bryant or by said Reichwald, and said Reichwald received the proceeds of the sale of said corn, then the jury is instructed that said Reichwald is liable to the plaintiffs for the amount so received by him, and interest thereon at 6 per cent, from the time when payment thereof was demanded by the plaintiffs, if demanded.

"2. If the jury believe, from the evidence, that the defendant, Reichwald, promised to pay the plaintiffs the proceeds of the sale of the corn mentioned in the first above instruction, then the jury may take this fact into consideration in determining whether defendant, Reichwald, received the proceeds of the sale of said corn, and the jury will find for the plaintiffs if they so believe that he received the proceeds of the same.

"3. The court instructs the jury that the plaintiffs may recover in this suit, if the jury believe, from the evidence, that the defendant had in his possession, when this suit commenced, money which, in equity and good conscience, belongs to the plaintiffs; and if the jury believe, from the evidence, that said defendant received the proceeds of the grain described in the declaration, and that said grain belonged to the plaintiffs, then the jury will find for the plaintiffs; and if the jury so believe, and believe from the evidence, that said defendant promised to pay to the plaintiffs the money in controversy in this case, then the jury will find for the plaintiffs.

"4. If the jury believe, from the evidence, that defendant, Reichwald, as the commission merchant of plaintiffs, received, on account of the grain in question shipped to him, as mentioned in the foregoing instruction, the money arising from the proceeds of the sale of such grain, or a check as money, of his own volition, which he has not paid over to plaintiffs, on

demand made before commencement of this suit, then the jury should find for the plaintiffs."

As to the first, second and third instructions, it is claimed they were calculated to mislead the jury. We fail to see in what particular the jury could be misled by these instructions. They lay down the familiar rule, that if appellant had received money belonging to appellees, and neglected and refused to pay the same, a recovery may be had. This is the substance of all that is contained in the instructions. They are plain, easily to be understood, and based upon the evidence, and we see nothing, from the record before us, that indicates that the jury could be or were misled by the instructions.

The same objection is made to the fourth instruction, and the additional one that there was no evidence that appellant, as the commission merchant of appellees, received any money, or a check as money, nor that the grain was shipped to him. The record contains evidence tending to prove the grain, although shipped to Bryant, was taken possession of by appellant, and by him sold, and that he received the proceeds of the sale, and promised to pay the same over to appellees. This testimony was ample upon which to base the instruction.

Under the facts in this case, we are of opinion the court did not err in giving either of the instructions.

In regard to the second point made, that the verdict is not sustained by the evidence, the bill of exceptions contained in the record does not show that a motion was made for a new trial, or that the court ever passed upon or overruled a motion of that character. Even if it were true that the evidence was not sufficient to authorize the judgment, we would not disturb it, unless a motion had been made for a new trial, overruled by the court, and exception taken, and this preserved by a bill of exceptions. *Pottle* v. *McWorter*, 13 Ill. 454; *Daniels* v. *Shields*, 38 Ill. 197; *McClurkin* v. *Ewing*, 42 Ill. 283.

As no error is perceived in the record, the judgment will be affirmed.

*Judgment affirmed.*