EDWARD L. GOULD

*v.*

CHARLES HOWE.

*Filed at Ottawa January 25, 1889.*

1. PRACTICE—*trial by the court—preserving questions of law.* Where an action of ejectment is tried by the court without a jury, and the bill of exceptions fails to show any exception to the judgment, or any motion for a new trial, or any propositions of law submitted, and no question is raised as to the ruling on questions of evidence, the record will present no question of law for this court to pass upon, and the judgment will be affirmed.

2. BILL OF EXCEPTIONS—*when necessary.* A recital by the clerk of the court that exception was taken to the judgment of the court and its rulings on propositions of law submitted under section 42 of the Practice act, can not be considered in this court. These are matters that can only become a part of the record by being incorporated into the bill of exceptions.

APPEAL from the Circuit Court of Marshall county; the Hon. T. M. SHAW, Judge, presiding.

Mr. J. H. JACKSON, and Messrs. BARNES & BARNES, for the appellant.

Messrs. EDWARDS & EVANS, for the appellee:

There is nothing in this record for the court to pass upon. The trial was before the court, without a jury. The bill of exceptions contains the evidence, but it fails to show that any exception was taken to the finding and decision of the court, or that a motion was made for a new trial, overruled, and the decision of the court excepted to, and hence no error can be assigned. *Parsons* v. *Evans,* 17 Ill. 238; *James* v. *Dexter,* 113 id. 654; *Dickhut* v. *Durrell,* 11 id. 72; *Manufacturing Co.* v. *Horton,* 74 id. 310; *Law* v. *Fletcher,* 84 id. 45; *Snell* v. *Church,* 58 id. 291.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was ejectment, tried, by agreement of parties, by the court, without the intervention of a jury.

The bill of exceptions fails to show any exception taken to the judgment rendered, or any motion for a new trial. Nor are there recited in the bill of exceptions any propositions of law submitted under the 42d section of the Practice act, and the rulings of the court thereon; and there is no question of law discussed in argument, arising on rulings of the court in admitting or excluding evidence. There is, therefore, no question presented by the record upon which we can pass. It is immaterial that the recitals in the orders entered by the clerk may show exception to the judgment, and the submission and rulings thereon of propositions of law under the 42d section of the Practice act. These are matters that can only become a part of the record by being incorporated in the bill of exceptions, and the clerk's recitals, in that respect, are, therefore, extra-official, and of no legal effect. *Martin et al.* v. *Foulke et al.* 114 Ill. 206; *Graham et al.* v. *The People,* 115 id. 566; *Magill et al.* v. *Brown et al.* 98 id. 235; *Boyle* v. *Levings,* 28 id. 314; *Gill* v. *Skelton,* 54 id. 158; *Hahn* v. *St. Clair Savings and Insurance Co.* 50 id. 456; *McLaughlin* v. *Walsh,* 3 Scam. 185; *Petty* v. *Scott,* 5 Gilm. 209; *Magher* v. *Howe,* 12 Ill. 379; *Moss* v. *Flint et al.* 13 id. 572; *Dickhut* v. *Durrell,* 11 id. 72.

The judgment is affirmed.

*Judgment affirmed.*