## Bachman v. Friedman.

1.  PRACTICE—*Appellate Court—Motion for a New Trial—When a Part of the Record.*—A motion for a new trial is not a part of the record, and does not become so by its being copied by the clerk as a part of the proceedings in the cause.

2.  PRACTICE—*Appellate Court—Motion for New Trial—Grounds, etc.* A judgment will not be overturned upon the ground that the evidence was not sufficient to warrant the verdict, unless a motion for a new trial was made, specifying such ground.

**Memorandum.**—Action of trespass in the Superior Court of Cook County; the Hon. GEORGE H. KETTELLE, Judge, presiding. Declaration for assault and battery; plea of not guilty and self-defense; trial by jury; verdict and judgment for plaintiff; defendant brings the case here upon a writ of error. Heard in this court at the March term, 1893, and affirmed. Opinion filed March 18, 1893.

The statement of facts is contained in the opinion of the court.

EDW. U. FLIEHMANN, attorney for plaintiff in error.

RICHOLSON, MATSON & PEASE, attorneys for defendant in error.

OPINION OF THE COURT, WATERMAN, J.

This was an action for an assault and battery alleged to have been committed by William Bachman upon Meyer Friedman.

The evidence disclosed that out of one of those unfortunate and inexcusable quarrels which sometimes arise between neighbors, an affray had taken place in which Mr. Friedman, an old man, was beaten.

We do not think that Friedman was free from blame; he made use of insulting and vulgar language. Bachman, instead of going away, deliberately came back, renewed the quarrel, and struck this foolish, insulting and, perhaps, intoxicated old man. The damages assessed, $600, are in our view, under the circumstances, large — greater than we

think ought to have been allowed—but, if disposed to do so, we could not set aside the judgment for that reason.

No motion for a new trial is shown in the bill of exceptions. A motion for a new trial is not a part of the record, and does not become so by its being copied by the clerk as a part of the proceedings in the cause. Foreman v. Johnson, 40 Ill. App. 456; Gill v. The People, 42 Ill. 521; Graham v. The People, 115 Ill. 566, 569; James v. Dexter, 113 Ill. 654; Martin v. Foulke, 114 Ill. 206; Obermark v. The People, 24 Ill. App. 259; C. & N. W. R. R. Co. v. Benham, 25 Ill. App. 248; Shedd v. Dalzell, 30 Ill. App. 356; Daniels v. Shields, 38 Ill. 197; Cline v. Toledo, St. Louis & Kansas City Ry. Co., 41 Ill. App. 516; Firemen's Ins. Co. v. Peck, 126 Ill. 493.

A judgment will not be overturned upon the ground that the evidence was not sufficient to warrant the verdict, unless a motion for a new trial was made, specifying such ground. Reichwald v. Gaylord et al., 73 Ill. 503; Ottawa, Oswego & Fox River Valley Ry. Co. v. McMath, 91 Ill. 104; Emory v. Addis, 71 Ill. 277; Jones v. Jones, 71 Ill. 562; Daniels v. Shields, 38 Ill. 197; McClurkin v. Ewing, 42 Ill. 283; Alley v. Lunbert, 35 Ill. App. 593.

The judgment of the Superior Court is affirmed.