EAST ST. LOUIS ELECTRIC STREET RAILROAD COMPANY

v.

JENNIE STOUT.

*Street Railways—Negligence—Personal Injuries—New Trial.*

1. Assignments of error, not discussed in the argument upon appeal, must be considered waived.

2. No exceptions being preserved as to instructions, this court will not consider errors assigned thereon.

3. In the case presented, the trial having been before a jury, the trial court overruled the motion for a new trial, and rendered a judgment in accordance with the finding of the jury, to which rendition the appellant excepted; no exception having been saved as to the ruling upon such motion, the court holds that the errors assigned can not be considered by it.

[Opinion filed June 26, 1893.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Messrs. COCKRELL & MOYERS, for appellant.

Messrs. JESSE M. FREELS and A. FLANNIGAN, for appellee.

MR. JUSTICE SAMPLE. The appellee recovered a judgment for the sum of $1,000 for an injury alleged to have been caused by the negligence of the appellant. There are seven different assignments of error. The first four relate to the admission and refusing to admit evidence, the giving and refusing to give instructions. The first two, relating to the ruling of the court as to the admission of evidence, are not discussed in the argument, and are therefore considered waived. No exceptions were preserved as to the instructions and therefore we are precluded from considering those errors assigned.

The other errors are as follows:

E. St. L. Electric St. R. R. Co. v. Stout.

Fifth. The court erred in not setting aside the verdict of the jury.

Sixth. The court erred in not granting to the defendant a new trial.

Seventh. The court erred in rendering judgment on the verdict of the jury.

The only exception preserved, which is claimed by appellant to authorize the foregoing assignments of error, is as follows:

"But the court overruled the motion (for new trial), and rendered a judgment in accordance with the finding of the jury. To the rendition of which judgment the defendant —appellant—then and there excepted." This case was tried before a jury, hence, to affect the verdict, it was necessary that a motion for a new trial should be made. It is not necessary to cite authorities on such a point. This motion was made and the reasons in writing are preserved in the bill of exceptions. This motion was overruled by the court, to which ruling no exception was preserved in the bill of exceptions—the only place the exception can be preserved. Gould v. Howe, 127 Ill. 251.

The exception was preserved to the rendition of the judgment.

The overruling of the motion for a new trial and the rendition of the judgment on the verdict are separate and distinct steps in the trial.

The fact that these are successive steps, does not render them any the less distinct, than if they had been the first and last steps of the trial.

The exception does not purport to be to the action of the court, in overruling the motion for new trial and in rendering judgment on the verdict, but the exception is confined to the action of the court in rendering judgment on the verdict. The case having been tried before a jury, such an exception could be of no avail to the appellant, and it was a proceeding unknown to the practice.

The statute clearly requires an exception to be preserved to the decision of the court overruling the motion for new

trial. Sec. 61, Chap. 110, Ill. Stats., provides that "exceptions taken to decisions of the court overruling motions for new trials, shall be allowed; and the party excepting may assign for error any decision *so excepted*." We feel constrained to hold that the exceptions preserved in this record do not permit us to consider the errors assigned.

*Judgment affirmed.*