## Village of Rossville v. Samuel Cook.

1. Practice—*Trial by the Court—Preserving Questions of Law.*—Where an action is tried by the court without a jury, and the bill of exceptions show no exception to the judgment or motion for a new trial, or any proposition of law submitted, and no question is raised as to rulings on questions of evidence, the record presents no question for this court and the judgment must be affirmed.

2. Appellate Court Practice—*Defects in Bill of Exceptions Not Waived by Trial on the Merits.*—An appellee does not waive defects in the bill of exceptions by joining in error and going to trial on the merits.

Assumpsit, for taxes collected by a tax collector. Appeal from the Circuit Court of Vermilion County; the Hon. Ferdinand Bookwalter, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

W. B. Redden and Allen & Chamberlin, attorneys for appellant.

Salmans & Draper, attorneys for appellee.

Mr. Justice Glenn delivered the opinion of the Court.

This suit was brought by appellant to recover of appellee as collector of the town of Ross in Vermilion county, one-half the taxes collected of the taxpayers of the village of Rossville, which lies wholly within the town of Ross, for

the years 1892 and 1893. The case was tried by the court without the intervention of a jury.

From the view we take of this case, we are compelled to affirm the judgment of the Circuit Court.

The bill of exceptions fails to show any exception taken to the finding of the court or the judgment rendered, or that any motion for a new trial was made, and there was no question of law discussed in argument arising on rulings of the court on admitting or excluding evidence. It does not appear from the bill of exceptions that there were any propositions of law submitted to the court under the 42d Section of the Practice Act, to be *held* or *refused*. This being the case, then there is no question presented by the record upon which we can pass. Gould v. Howe, 127 Ill. 251, and cases there cited.

The error complained of in the argument is the finding and judgment entered by the court. To neither of these are any objections and exceptions found in the bill of exceptions. They, not having been thus preserved, appellant will be deemed to have waived the errors complained of.

Appellee by joining in error and going to trial on the merits did not thereby waive the defect in the bill of exceptions. Martin et al. v. Foulke et al. 114 Ill. 206; Gray v. Fuller Electrical Co., 20 Ill. App. 670.

The judgment is affirmed.