# CASES

### IN THE

# APPELLATE COURTS OF ILLINOIS

## SECOND DISTRICT—DECEMBER TERM, 1898.

### J. C. Dort and J. G. Lloyd v. Mack W. Harrod and Arthur R. Harrod.

83 17
108 ²585

1. BILL OF EXCEPTIONS—*To be Incorporated Into the Record Only on Stipulation of Parties.*—Section 72 of the practice act requires authenticated copies of the records of the court below to be filed upon appeal. The act of 1887, concerning fees and costs, authorizes the original bill of exceptions to be incorporated in the transcript of the record in cases only where the parties to the appeal so agree.

2. SAME—*Practice Where the Bill of Exceptions is Embodied in the Record Without the Consent of the Parties.*—Where the original bill of exceptions is incorporated in the record without the consent of the parties to the appeal, a motion to strike it from the files is proper.

**Motion to Strike Bill of Exceptions from the Files.**—Motion allowed and judgment affirmed. Opinion filed January 10, 1899. Rehearing denied May 16, 1899.

ALLEN P. MILLER, attorney for appellants.

M. SHALLENBERGER and V. G. FULLER, attorneys for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellants caused the original bill of exceptions to be embodied in the record of this case certified by the clerk

of the court below and filed here. Section 72 of the practice act requires authenticated copies of the records of the court below to be filed here upon appeal. The act of 1887 concerning fees and costs authorizes the original bill of exceptions to be incorporated in the transcript of the record where the parties to the appeal so agree. The appellees have heretofore shown to this court that they did not agree or consent that the original bill of exceptions should be incorporated in this record, but that it was done without their knowledge. Thereupon the bill of exceptions was stricken from the files, as appellees have the undoubted right to have the original bill remain among the files in the court below, where it can be examined at will. Appellants have taken no steps to cause the record to be amended and a transcript of the bill of exceptions filed. An examination of the brief and argument for appellants shows that the alleged errors argued and relied upon for a reversal grow out of the evidence and instructions and the rulings of the trial court thereon. There being no bill of exceptions now in the record these matters are not before us. It not being argued that any error appears in that part of the record remaining, the judgment appealed from will be affirmed.