## City of Toluca v. Catherine Arnold.

1. APPELLATE COURT PRACTICE—*Original Bill of Exceptions Can Not be Incorporated in Transcript of Record Without Consent of Parties.*—An original bill of exceptions can never be incorporated in the transcript of the record without the consent of the parties.

2. SAME—*Proper Practice Where Original Bill of Exceptions is Incorporated in Transcript Without Consent.*—Where the original bill of exceptions is incorporated in the record without the consent of the parties, a motion in the court in which the case is pending on appeal or writ of error to strike it from the files is proper.

3. SAME—*What Bill of Exceptions Must Contain to Authorize Review of Evidence.*—To authorize a court of review to consider the question whether the evidence justified the finding of the jury, the bill of exceptions must show that a motion for a new trial was made, overruled, and exception saved.

4. SAME—*Bill of Exceptions Must Show a Motion for a New Trial Made on Ground of Errors Sought to be Reviewed.*—Alleged errors of a trial court in its rulings as to the admissibility of evidence and in giving, refusing and modifying instructions can not be raised or considered upon a review of the case upon appeal or writ of error, unless the bill of exceptions shows that a motion for a new trial was made because of the alleged errors, and exceptions taken to the rulings of the court denying a motion for a new trial.

5. SAME—*Trial Judge is the Only Official Authorized to Certify that a Motion for a New Trial Was Made.*—The trial judge is the only official authorized to certify that a motion for a new trial was made or what action was taken in the trial court with reference to giving, refusing or modifying instructions. And this action on the part of the judge can only be preserved by a proper bill of exceptions.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Marshall County; the Hon. THEODORE N. GREEN, Judge

presiding.   Heard in this court at the April term, 1903.   Affirmed.
Opinion filed June 8, 1903.

II. D. Roe, city attorney, for appellant; William Roe
and Quinn & Quinn, of counsel.

John F. Golden and H. M. Kelly, attorneys for appellee.

Mr. Justice Brown delivered the opinion of the court.

This was an action on the case to recover damages for
injuries sustained by appellee in consequence of a fall occa-
sioned by an alleged defective sidewalk on one of the
public streets of the city of Toluca in Marshall county.
A trial resulted in a verdict and judgment for appellee for
$1,000.   The city brings the case to this court by appeal.

Appellee moved to strike the original bill of exceptions
from the record because incorporated without her consent
This motion was taken with the case.   An original bill of
exceptions can never be incorporated in the transcript of
the record without the consent of the parties.   L. S. & M.
S. Ry. Co. v. Hessions, 150 Ill. 546.   Where the original
bill of exceptions is incorporated in the record without the
consent of the parties, a motion in the court in which the
case is pending on appeal or writ of error to strike it from
the files is proper.   Dort v. Harrod, 83 Ill. App. 17.   We
shall not stop to inquire whether appellee did consent to
the incorporation of the original bill of exceptions in the
record, for assuming it as properly there, no question is
presented for our consideration or determination.

The errors assigned relate to rulings of the trial court in
admitting and rejecting testimony, in giving, refusing and
modifying instructions, and to the question whether the
verdict is sustained by the evidence.   The bill of excep-
tions does not contain any instructions or any ruling of
the court relating to the subject of instructions.   It does
not show that a motion for a new trial was made or denied.
When a case is tried by a jury, a motion for a new trial
must be made, overruled, and exception saved, to present
for review upon appeal the question whether the evidence
justified the finding of the jury.   Reichwald v. Gaylord,

73 Ill. 503; Law v. Fletcher, 84 Ill. 45; Gould v. Howe, 127 Ill. 251; I. C. R. R. Co. v. O'Keefe, 154 Ill. 508; C., B. & Q. R. R. Co. v. Haselwood, 194 Ill. 69; Call v. The People, 201 Ill. 499.

Alleged errors of a trial court in its rulings as to the admissibility of evidence and in giving, refusing and modifying instructions, can not be raised or considered upon a review of the case upon appeal or writ of error, unless the bill of exceptions shows that a motion for a new trial was made because of the alleged errors, and exceptions taken to the rulings of the court denying a motion for a new trial. Pottle v. McWorter, 13 Ill. 454; Daniels v. Shields, 38 Ill. 197; R. R. Co. v. Dorsey, 68 Ill. 326; Nason v. Letz, 73 Ill. 371; R. R. Co. v. Johnson, 191 Ill. 594.

In this case the clerk of the court below has sought to supply the defects referred to by incorporating in the record kept by him certain supposed instructions and points made on the motion for a new trial. These acts of the clerk are extra-official and do not preserve the question for review in this court. The trial judge is the only official authorized to certify that a motion for a new trial was made or what action was taken in the trial court with reference to giving, refusing or modifying instructions. And this action on the part of the judge can only be preserved by a proper bill of exceptions. Daniels v. Shields, 38 Ill. 197; Nason v. Letz, 73 Ill. 371; Graham v. People, 115 Ill. 566; Gould v. Howe, 127 Ill. 251; Harris v. People, 130 Ill. 457; R. W. Co. v. Stout, 150 Ill. 9; Martin v. People, 13 Ill. 341; Ry. Co. v. Harper, 128 Ill. 384; Ry. Co. v. Yando, 127 Ill. 214; C., B. & Q. R. R. Co. v. Haselwood, 91 Ill. App. 103; City of Roodhouse v. Briggs, 194 Ill. 435; Lanyon v. Mich. Buggy Co., 94 Ill. App. 243; Dearborn Foundry Co. v. Rielly, 79 Ill. App. 281. None of the errors assigned are therefore presented to this court for consideration.

The judgment of the Circuit Court is affirmed.