THE OIL BELT RAILWAY COMPANY, Appellee, *vs.* JOSEPH B. LEWIS, Appellant.

*Opinion filed June 18, 1913.*

1. PRACTICE—*when sufficiency of evidence to sustain judgment cannot be inquired into.* The sufficiency of the evidence to sustain the judgment cannot be inquired into on appeal in a condemnation case, where there was no ruling upon the admission of evidence and no motion for a new trial.

2. SAME—*motion for new trial not necessary to preserve question of correctness of instructions for review.* If the question of the correctness of the court's charge to the jury is otherwise properly saved for review no motion for new trial is necessary to preserve such question.

3. EMINENT DOMAIN—*a railway only acquires the use of land condemned for right of way.* By condemning a part of a tract of land for right of way the railroad acquires the use of the land for railway purposes but the fee remains in the owner subject to such use, and he may, if the land is underlaid with oil, coal or other mineral deposits, drill wells or make tunnels under the right of way, so long as he does not interfere with the use of the right of way for railway purposes.

4. SAME—*value of land taken should be assessed irrespective of benefits to the remainder.* Where part of a tract of land is

condemned for railroad right of way the value of the land taken should be assessed irrespective of any benefits that may accrue to the remainder; but, in ascertaining the damages to such remainder, benefits which the owner will enjoy as peculiar to his own land should be deducted but not benefits he will enjoy in common with the whole community.

APPEAL from the County Court of Lawrence county; the Hon. JASPER A. BENSON, Judge, presiding.

S. J. GEE, and JAMES S. PRITCHETT, for appellant.

GEORGE W. LACKEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee filed its petition in the county court of Lawrence county to ascertain the compensation to be paid to the appellant, Joseph B. Lewis, for a right of way sixty-six feet wide across two forty-acre tracts of land. A jury, after hearing the evidence and examining the premises, returned a verdict fixing the compensation and damage. The appellee filed its motion for a new trial, which was overruled and judgment was given in favor of the appellant for the amounts found by the verdict. The appellant excepted to the judgment and prayed for an appeal, which was allowed and perfected.

The appellant, by an answer, denied the existence of the appellee as a corporation and its right to take or damage his land. The evidence to show the incorporation of the appellee and a change of its name was offered before the jury, with evidence as to the amount of compensation and damage that ought to be awarded. There was no objection to any evidence offered on either question and no finding by the court on the issue made by the answer. There was no ruling on the admission of evidence to be reviewed, and as the appellant made no motion for a new trial, the sufficiency of the evidence to sustain the judgment cannot be

inquired into. *Reichwald* v. *Gaylord,* 73 Ill. 503; *Law* v. *Fletcher,* 84 id. 45; *Chicago, Burlington and Quincy Railroad Co.* v. *Haselwood,* 194 id. 69.

The appellant objected to the giving of instructions offered by the appellee but took no exception to the action of the court. The charge of the court to the jury was always subject to review on appeal or error without a motion for a new trial, and such a motion is not necessary if the question of the correctness of the charge is saved for review. (*Illinois Central Railroad Co.* v. *O'Keefe,* 154 Ill. 508.) Whether the objections of the appellant to the instructions, without any exception, were sufficient to save objections for review or not, the instructions were correct. There were forty oil wells on the lands, and the court advised the jury that the appellee would acquire only the use of the land for railway purposes; that the fee would remain in the appellant, subject to that use; that if the lands were underlaid with oil, coal or other mineral deposits, the appellant would have a right to drill wells, run entries or make tunnels under the right of way to secure to himself the same, not interfering with the rights of appellee; that the jury should assess the value of the land taken, irrespective of any benefits which might accrue to the remainder of the lands, and that in ascertaining the damages to the remainder, benefits which the appellant would enjoy peculiar to his land were to be deducted, but such benefits as he would enjoy in common with the whole community were not to be deducted. The instructions stated the law, settled by repeated decisions in cases where a part of a tract of land is taken for the right of way of a railroad and the question of damages to the remainder is to be considered.

The judgment is affirmed.          *Judgment affirmed.*