### J. N. Hayes, trading as Ottawa Sand & Clay Company, Appellee, v. U. S. Materials Company, Appellant.

### Gen. No. 28,000.

1. APPEAL AND ERROR—*necessity for certificate of trial judge to amended bill of exceptions.* An amended bill of exceptions and supplementary transcript filed at a subsequent term of court and after the expiration of time limited for settling the original bill of exceptions will be stricken from the record where it does not appear that the trial judge signed any certificate to any amended bill or amendment to the original bill or that either was ever filed with the clerk or that the judge signed any draft order relative to such amended bill of exceptions.

2. APPEAL AND ERROR—*review of matters contained in stricken bill of exceptions.* The Appellate Court will not consider assigned errors as to giving or refusing instructions or as to the sufficiency of evidence to support a judgment where the original bill of exceptions does not disclose any instructions or rulings of the court thereon or on evidence and the matters referred to are contained in an amended bill contained in a supplementary transcript which has been stricken from the record.

3.  APPEAL AND ERROR—*motion for new trial as requisite to review of evidence.* Alleged error of the trial court in admitting improper evidence may be reviewed on appeal where objections thereto are properly preserved in a bill of exceptions, although no motion for a new trial appears in such bill.

Appeal by defendant from the County Court of Cook county; the Hon. FRANK S. RIGHEIMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Affirmed. Opinion filed March 13, 1923.

SAMUEL B. HILL, for appellant; E. LEWIS CAMPBELL and EUGENE K. LUTES, of counsel.

GARDNER, FOOTE, BURNS & MORROW, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In an action to recover the purchase price of four carloads of sand alleged to have been sold and delivered to defendant, and in which defendant filed a claim of set-off for damages in the sum of $914.30, the jury returned a verdict finding the issues in favor of plaintiff and assessing his damages at the sum of $297.90. Judgment was entered for said sum against defendant on February 25, 1922, and an appeal was perfected. Defendant was given sixty days within which to file a bill of exceptions, and within the required time such a bill was presented to the trial judge and subsequently certified to by him and filed in the county court. It does not appear therefrom that at any time during the trial any motion for a directed verdict for the defendant was made, or that any instructions were presented or given or refused, or that defendant moved for a new trial.

The original transcript of the record, containing said bill of exceptions, was filed in this court on October 3, 1922. Subsequently defendant here appeared, suggested a diminution of the record and moved for leave to supply missing portions. The motion was

granted and a supplemental transcript filed on November 28, 1922. The clerk of the county court certified that the same was a true and complete copy of "instructions, certain notices and *order* correcting record" in said cause. On December 5, 1922, plaintiff filed his motion, supported by written suggestions, to strike the supplemental transcript. Counter suggestions were presented and the motion was reserved to the hearing.

This supplemental transcript sets forth that on February 10, 1922, certain instructions were filed with the clerk of the county court (here follow the instructions, some marked "given" and some marked "refused"); that on November 22 and November 24, 1922, certain notices to plaintiff's attorneys were filed; and that on November 24, 1922, a certain draft order was entered of record. The order recites in substance that the defendant presents this, "its amendment to its bill of exceptions"; that the court finds "from his personal memory of the proceedings on the trial, * * * supplemented by his personal examination of the files and records in said cause and an examination and comparison of the water marks in the papers used by counsel for plaintiff as well as in the papers used by counsel for defendant," that certain instructions were presented on the trial by the respective attorneys, some of which were given and some refused (here followed a list of the instructions by number "as certified to by the clerk of the County Court, November 3, 1922, and numbered from 1 to 26 inclusive"); and that said instructions "were omitted from the bill of exceptions." And it is thereupon *ordered* "that the said bill of exceptions be and is hereby amended upon the filing of the certified copy of said instructions" and that "said instructions are hereby made an additional part of the bill of exceptions." The order further recites that "it further appearing to the court that the bill of exceptions herein through error does not show that the

said cause came on to be heard upon defendant's motion for a new trial, or the other proceedings subsequent thereto, and, from the recollection of the court and the records of said court which have been examined, the court finds that the defendant moved for a new trial," that the motion was denied and defendant excepted, and that, after defendant's motion in arrest of judgment had been denied, judgment against defendant for $297.90 was entered, and defendant prayed for and was allowed an appeal and was given sixty days from the date of the entry of the judgment within which to file its bill of exceptions. And it is thereupon *further ordered* "that the said findings are made an additional part of the bill of exceptions in this cause, and the above matters *are accordingly certified* this 24th day of November, 1922, *nunc pro tunc* as of April 21, 1922." The draft order was not signed by the trial judge, nor does there appear anywhere in said supplemental transcript any certificate, or copy thereof, signed by the trial judge, to any purported amendment to the original bill of exceptions, or to any purported amended bill of exceptions.

It is well settled that when a bill of exceptions is signed by the judge who tried the case, and is properly filed in court, it becomes a part of the record of the case to which it relates, and stands precisely upon the same footing as any other record. (*Heinsen v. Lamb*, 117 Ill. 549, 552; *Chicago, M. & St. P. Ry. Co. v. Walsh*, 150 Ill. 607, 610.) It is also well settled that, if for any reason a bill of exceptions fails to fully and correctly show what actually transpired at the trial, it can be amended, but that if the term has expired and the time limited for the settling of the bill of exceptions has passed, an amendment thereto can only be made by bringing the parties in interest again into court by proper notice, and then only where there is some memorandum, minute or note of the judge, or something appearing on the records or files to amend

by. (*Chicago, M. & St. P. Ry. Co. v. Walsh, supra; People v. Anthony,* 129 Ill. 218, 222.) In the present case the attempt to amend the original bill of exceptions was not made until several terms of the court had passed after the bill had been filed and after the time limited for its settling had expired. It may be, as disclosed from the recitals of the order of November 24, 1922, that the trial judge had sufficient memoranda by which he would have been justified in signing an amended bill of exceptions, or an amendment to the bill of exceptions, but said supplemental transcript does not disclose that the trial judge signed such an amended bill or any amendment to the bill already on file; nor does it disclose that he in fact signed said draft order, as was the fact in the *Walsh* case, *supra,* where the court held (p. 611) that the *signing* and sealing by the trial judge of a somewhat similar draft order, in which were recited the facts upon which the amendment was predicated, "performs the office of a bill of exceptions, and no objection is perceived to the practice of thus preserving in the record such facts"; nor does it disclose that any amended bill of exceptions or amendment to the bill of exceptions was ever filed with the clerk. Because it does not appear that any certificate was signed by the trial judge to any amended bill of exceptions, or amendment to the bill as originally certified to, or that either was ever filed with the clerk, or that the judge signed said draft order, we think that the motion of plaintiff to strike said supplemental transcript should be allowed. A bill of exceptions or stenographic report must be *signed* by the presiding judge or under certain contingencies by another judge (section 81, Practice Act, Cahill's Ill. St. ch. 110, ¶ 81; *People v. Cowen,* 283 Ill. 308, 312); and such judge should "certify" to the rulings made. (*City of Toluca v. Arnold,* 108 Ill. App. 584, 586; *Knights Templars, etc., Indemnity Co. v. Crayton,* 110 Ill. App. 648-652.) Furthermore,

a bill of exceptions or stenographic report cannot become a part of the record until it is filed. (Section 81, Practice Act; *People v. Windes,* 275 Ill. 108, 113.)

Counsel for defendant here contend that the trial court erred (1) in refusing to give to the jury certain instructions offered by defendant; (2) in giving certain instructions on behalf of plaintiff; and (3) in entering the judgment because the evidence is insufficient to support it. With the supplemental transcript stricken, none of these points can properly be considered, for the reason that the bill of exceptions, contained in the original transcript, does not disclose any instructions or any rulings of the court thereon, or that defendant moved for a new trial. In *Chicago, B. & Q. R. Co. v. Haselwood,* 194 Ill. 69, 72, it is said: "In order to obtain a review of the action of the court in granting, refusing or modifying instructions, it is requisite the instructions should be set forth in the bill of exceptions." (See also, *Chicago, M. & St. P. Ry. Co. v. Harper,* 128 Ill. 384, 385.) And the rule in this State is that: "An appellate tribunal cannot inquire into the sufficiency of the evidence to support a judgment unless there is  *  *  *  a motion for new trial  *  *  *  where a trial is had by jury." (*Illinois Cent. R. Co. v. O'Keefe,* 154 Ill. 508, 511.) And the fact that a motion for a new trial was made and overruled must appear in the bill of exceptions. In *Chicago, B. & Q. R. Co. v. Haselwood,* 194 Ill. 69, 71, it is said: "A motion for a new trial appears in the transcript of the proceedings and files as certified to by the clerk. This action on the part of the clerk is extraofficial. The authority to certify that a motion for a new trial was entered rests alone in the trial judge. Such motions only become a part of the record by being incorporated in the bill of exceptions." (See also, *Daniels v. Shields,* 38 Ill. 197, 198; *Nason v. Letz,* 73 Ill. 371, 374; *Anderson v. Karstens,* 297 Ill. 76, 79.)

Counsel for defendant further urge as ground for

reversal that the trial court erred in admitting improper evidence offered by plaintiff. Defendant's objections to the court's rulings appear in the bill of exceptions as contained in the original transcript, and those rulings can be reviewed notwithstanding no motion for a new trial appears in said bill of exceptions. In *Yarber v. Chicago & A. Ry. Co.*, 235 Ill. 589, 603, it is said: "Under the practice in this State, decisions of the court made in the progress of the trial upon instructions, objections to evidence, or other matters of law arising in a cause, which have been incorporated in a bill of exceptions, may be assigned for error and reviewed by an Appellate Court without any motion for a new trial." Counsel's main contention is that the court erred in admitting plaintiff's testimony as to certain conversations and transactions had with one C. J. Clark, and for the reason that Clark was not defendant's agent. After a careful examination of the abstract and additional abstract of the record we think that it sufficiently appears by competent evidence that Clark was defendant's agent in conducting the negotiations with plaintiff, which resulted in the sale and delivery of the sand in question to defendant, and that no reversible error was committed in this regard. Objections are also made to certain other rulings on evidence which we believe to be without merit.

For the reasons indicated we are of the opinion that the supplemental transcript, filed November 28, 1922, should be stricken, and that the judgment of the county court should be affirmed, and it is so ordered.

*Affirmed.*

BARNES, P. J., and MORRILL, J., concur.