DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1923.

---

### George Whitley and Nellie Whitley, Appellees, v. Charles Rule and Thomas Rule, trading as Rule Bros., Appellants.

1. APPEAL AND ERROR—*bill of exceptions containing motion for new trial and rulings thereon as prerequisite to review.* Alleged errors in rulings on evidence and in overruling a motion for a new trial in an action on the common counts for labor and services rendered are not reviewable on appeal unless preserved by a bill of exceptions containing such rulings and showing that a motion for new trial was made and the motion therefor.

2. APPEAL AND ERROR—*clerk's certified transcript insufficient to preserve motion for new trial.* The requirement that a motion for new trial and the rulings thereon must be preserved by a proper bill of exceptions is not satisfied by the action of the clerk in incorporating an alleged motion for new trial in his certified transcript of the proceedings and files in the cause.

Appeal by defendants from the County Court of Union county; the Hon. DAVID W. KARRAKER, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed July 2, 1923.

W. O. EDWARDS, for appellants.

JAMES LINGLE, for appellees.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

In March, 1921, Charles and Thomas Rule were the owners of a small store at Vineland, Illinois, which was being operated by Charles Rule and his wife. The wife was in ill health and, being desirous of taking her to their home in Perry county for a time, Charles Rule made some arrangements with appellees to take charge of the store and to run the same during their absence. Rule and his wife did not return until November, 1921. The controversy in this case grows out of a difference between said parties with reference to the amount appellees were to receive for the operation of said store and as to whether or not appellees had accounted for all goods sold by them. Suit was brought by appellees in the county court of Union county to recover for the amount claimed by them to be owing from appellants for their services.

The declaration consists of the common counts for labor and services rendered by appellees to appellants at their request. To said declaration appellants filed a plea of the general issue. A trial was had resulting in a verdict and judgment in favor of appellees for the sum of $367. To reverse said judgment this appeal is prosecuted.

It is contended on the part of appellants for a reversal of said judgment that the court erred in its rulings on the evidence, in overruling the motion made by them for a new trial and in entering judgment on the verdict. In order to present for our determination the questions here sought to be raised, it was necessary that appellants preserve, by proper bill of exceptions, the motion for a new trial alleged to have been made by them and the trial court's ruling thereon. *Daniels v. Shields,* 38 Ill. 197; *Nason v. Letz,* 73

Ill. 371; *Chicago, B. & Q. R. Co. v. Haselwood,* 194 Ill. 69. This was not done. A motion for a new trial appears in the transcript of the proceedings and files as certified to by the clerk of said court. This action on the part of the clerk is extra-official. The authority to certify that a motion for a new trial was entered rests alone in the trial judge. Such motions only become a part of the record by being incorporated in the bill of exceptions. *Daniels v. Shields, supra; Nason v. Letz, supra; Graham v. People,* 115 Ill. 566; *Gould v. Howe,* 127 Ill. 251; *Harris v. People,* 130 Ill. 457; *Chicago, B. & Q. R. Co. v. Haselwood, supra.* The bill of exceptions contains no reference to a motion for a new trial.

The bill of exceptions purports to contain the evidence in the case and the rulings of the court on the admission and exclusion of evidence, but before a reviewing court can pass on whether the trial court erred in its ruling on the evidence, that question must be first presented to the trial court on a motion for a new trial in order to give that court an opportunity to pass on the same. Such motion and ruling of the court thereon must, as above stated, be presented by the bill of exceptions.

A bill of exceptions is to be considered as a pleading of the party who presents it. Like any other pleading, it is to be construed most strongly against the party preparing it, who must be responsible for all uncertainty and omissions therein. *Garrity v. Hamburger Co.,* 136 Ill. 499; *Johnson v. Johnson,* 187 Ill. 86; *Peoria Star Co. v. Lambert,* 115 Ill. App. 319.

Notwithstanding the record does not present for our determination the questions sought to be raised, we have examined the evidence and while we are of the opinion that the court erred in excluding the testimony of the witness Lillian Rule, still we do not think that the error was of such a prejudicial character as would require a reversal of the case even if properly

presented. On the whole, we are of the opinion that, so far. as the evidence discloses, no substantial injustice has been done appellants by the verdict and judgment in question.

For the reasons above set forth the judgment of the trial court will be affirmed.

*Judgment affirmed.*