## The People *ex rel.* Frank E. Fowler

### v.

## George W. Brown, Mayor, Etc.

| | |
|---|---|
| 83 | 95 |
| 24a | 25 |
| 83 | 95 |
| 137 | 671 |
| 39a | 239 |
| 83 | 95 |
| 162 | 392 |
| 83 | 95 |
| 82a | 582 |
| 83 | 95 |
| 192 | [1] 71 |
| 83 | 95 |
| 203 | [3]109 |
| 83 | 95 |
| 210 | [1]295 |

1. Municipal corporation—*legislative control over.* Municipal charters are subject to repeal or amendment at the pleasure of the legislative power granting them, and the absolute repeal of a city charter abolishes all offices under it.

2. Office—*right to, lost by change of charter.* Where a city incorporated under a special charter adopts the general law for the incorporation of cities, and becomes organized under such general law, this will determine the tenure of all offices under the special charter, except such as are expressly saved.

3. Where a city, after the election of a marshal, adopted the general law and organized under it, and created the office of superintendent of police, and required him to perform the duties of marshal, and filled the latter office by appointment, it was *held*, that the party elected marshal had no further right to the office.

This was an application in this court for a *mandamus.* The essential facts of the case are stated in the opinion.

Messrs. Williams, McKenzie & Calkins, for the relator.

Mr. Frederick A. Willoughby, for the respondent.

Mr. Justice Scott delivered the opinion of the Court:

Relator was elected marshal of the city of Galesburg at the annual charter election, held on the 2d Tuesday of April,

96          THE PEOPLE *ex rel.* *v.* BROWN, MAYOR.     [Sept. T.

Opinion of the Court.

1876, for the period of one year, took the oath of office, entered upon the discharge of its duties, and claims he was, from thence forward, entitled to benefit of salary attached to such office.

On the 17th day of July, 1876, at an election held for that purpose, the people of that city voted to organize under the general incorporation act of 1872, which was accordingly done. Among the first acts of the city council, on the next day after organization of the city under the general law, was, the passage of an ordinance by a two-thirds vote, creating the office of "superintendent of police," and, in defining the duties of such officer, prescribed that, among others, such officer should perform all duties which pertained to the office of city marshal by virtue of the former or old charter, and it was further provided, that thereafter the office of city marshal should be abolished and cease to exist. After publication of that ordinance, a superintendent of police was appointed, confirmed, qualified under the ordinance, and entered upon the discharge of the duties of such office.

Prior to the organization of the city under the general law, relator, although he had been discharging the duties of the office of marshal, had received no commission from the mayor, and, on application afterwards, that officer refused to issue any commission under the old charter.

The prayer of the petition is, that the mayor may be compelled to sign and issue a commission to relator, as marshal, and that the mayor and city council may be required to recognize his official character as such officer, and permit him to discharge all duties of such office, paying him the arrearages of salary, and for such other relief as may be found just.

The vote of the people of the city of Galesburg in favor of organizing under the general incorporation act of 1872, is an adoption of the general law instead of, or as a substitute for, the special charter under which the city had been acting, and in so far as the general law may be inconsistent with the special charter, the former becomes the controlling law, for the city, of government. It is declared, all laws or parts of laws not inconsistent with provisions of the general law, shall con-

tinue in force, and be applicable to any such city or village organized under it, the same as if such change of organization had not taken place.    Art. 1, sec. 6, Act 1872.

It has always been understood, municipal charters are subject to repeal or amendment at the pleasure of the legislative power granting them.    That the absolute and unconditional repeal of a municipal charter abolishes all offices under it, is a proposition so plain it needs no discussion.    It is apprehended the substitution of another charter with inconsistent provisions, without a saving clause as to such rights, would have the same effect.    There can be no such thing as a vested right, in the strict sense of that term, in a municipal office that places it above legislative control.    The same power that creates such office can, undoubtedly, abolish it.

We entertain no doubt the organization of the city under the general incorporation act determined the tenure of all officers under its special charter, except such as were within the saving clause of that act.    We may inquire, then, what city officers in office at the time of organization under the general law, " shall continue to exercise the powers conferred upon like officers in this act until their successors shall be elected and qualified."    That provision must be understood to apply to all officers provided for in the general incorporation law, answering to the same officers under special charters.

It will be noticed, provision is only made in the general law for the election of certain officers, viz: a mayor, city council, city clerk, city attorney and city treasurer.    All other officers are either to be elected by the legal voters of the city, or appointed by the mayor with the approval of the city council, as shall be provided by ordinance.

Until the city council shall so provide, there is no officer under the general incorporation law with like powers such as the city marshal had under the special charter of the city. How can it be said, then, the rights of relator as city marshal have been saved by that section of the general law that provides, all city officers in office at the change of organization shall exercise the powers conferred upon like officers under

that act, when no such officer as city marshal exists, under the general law, until it is established by ordinance passed by a two-thirds vote of the city council?

Whether the mayor and other officers whose election is fixed by the general law will hold their respective offices until the regular election under that law shall arrive, or only until their successors may be elected at a special election called for that purpose, and thereafter qualified, is a question upon which the court is not harmonious, and upon which it is not necessary to the decision of this case that we should express an opinion.

We find the office relator claims, to which he was elected under the special charter of the city, was determined and ceased by the change of organization under the general incorporation law. Under the latter act, the city council, at its discretion, could determine, by an ordinance passed by a two-thirds vote, whether the office answering to that of city marshal should be filled by election or appointment. An ordinance was passed by the requisite vote, declaring such office should be filled by appointment, with the approval of the city council, which was done. The action of the city council was strictly regular, and was warranted by powers conferred by the general incorporation law under which it was then acting.

There is nothing in the point that section 73 of the act of 1872 authorizes " local option " in the passage of ordinances, at the discretion of city councils of the different cities of the State, and is, therefore, in contravention of the constitution.

The objection taken is fully answered by the reasoning in *Covington* v. *East St. Louis*, 78 Ill. 548, and we need not discuss it further.

The *mandamus* will be refused, and petition dismissed at costs of relator.

*Mandamus refused.*