## ASA B. SMITH
### v.
## THE PEOPLE OF THE STATE OF ILLINOIS EX REL.

*Drainage—Removal of Commissioner from Office—*Quo Warranto.

Drainage commissioners are public officers who may, in proper cases, be ousted by *quo warranto.* The Legislature has the power to alter or repeal the drainage law and may provide for the removal of one set of officers and for the appointment of another set in a different mode.

[Opinion filed June 11, 1891.]

IN ERROR to the Circuit Court of Lee County; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. F. E. ANDREWS, for plaintiff in error.

Messrs. SHERWOOD DIXON and S. H. BETHEA, for defendants in error.

C. B. SMITH, P. J.  This was an information in the nature of. a *quo warranto,* brought for the purpose of ousting appellant from the office of drainage commissioner of Nelson Drainage District No. 1.  On the hearing in the Circuit Court a judgment of ouster was rendered against appellant and the case is brought here on a writ of error.

The drainage district in question was organized by proceedings had before a justice of the peace under the act of May 29, 1879.  Appellant was duly appointed by a justice of the peace October 8, 1883, and took and subscribed the required oath and entered upon the discharge of the duties of his office.  The act of 1879 was amended in 1885.  The 62d section of the amended act required the County Court to appoint the drainage commissioners on the first Monday in September, 1885, for any district before that time organized. By virtue of this power and authority vested in the County Court, the court did appoint three commissioners for the Nel

Smith v. The People.

son Drainage District to take the place of Asa B. Smith and his associate, who had been appointed by the justice.    These new commissioners were qualified and demanded the office of appellant, who declined to surrender the office, and thereupon this proceeding was begun against him.    On a hearing the Circuit Court gave a judgment of ouster and appellant now prosecutes this writ of error.    His first contention is that the office of drainage commissioner is a mere private office or employment in which the State or public has no concern, and that *quo warranto* will not lie.    It is also insisted that the charter to a drainage district is in the nature of a private grant, and that the Legislature can not repeal or alter it since it becomes a contract between the district and State. Much time is given by the learned counsel to the discussion of that question.    We can not concur in either position.    Drainage districts under the statute are creations for public as well. as purely private purposes.    It is a *quasi* public corporation and its commissioners are public officers with no private rights involved and may be superseded or removed from office. Com. of Havana Tp. Drainage District v. Kelsey, 120 Ill. 482. People v. Brown, 83 Ill. 95.    These corporations are created by the statutes for sanitary as well as purely drainage purposes, and their creation, management and control are provided for by the statutes.    This being so it follows that the Legislature has the power to at any time alter the law, amend or repeal it, and may provide for the removal of one set of officers, and for the appointment of others in a different mode. The 62d section of the act of 1885 authorized the County Court to appoint new commissioners in all old districts on a certain day.    That was done in this case and the effect of the new appointment was to vacate the office held by appellant, Smith.    Peterson v. Lawrence, 20 Ill. App. 637.

Finding no error in this record the judgment is affirmed.

*Judgment affirmed.*