ASA B. SMITH

*v.*

THE PEOPLE *ex rel.* Martin Detrick.

*Filed at Ottawa January 18, 1892.*

1. DRAINAGE COMMISSIONERS—*how appointed.* Under sections 48, 49 and 62 of the Drainage act, as amended in 1885, the drainage commissioners are required to be appointed by a justice of the peace of the proper county when the cost of the work authorized to be done will not exceed $2000, and in all other districts the county court must appoint them ; and this applies to districts organized before the passage of the act in 1885, as well as those thereafter organized.

2. DRAINAGE DISTRICTS—*subject to legislation.* Drainage districts are created for public purposes, and are at least *quasi* public corporations, and as such are subject to be changed, modified or repealed by the legislature. The charters of such corporations are not in the nature of private grants, which the legislature may not change or repeal.

3. QUO WARRANTO—*against drainage commissioner.* An information in the nature of a *quo warranto* lies against one who wrongfully assumes to act as a drainage commissioner, whether the place he assumes to fill be regarded strictly as an office or not.

WRIT OF ERROR to the Appellate Court for the Second District ;—heard in that court on writ of error to the Circuit Court of Lee county ; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. F. E. ANDREWS, for the plaintiff in error:

Drainage commissioners are a private corporation, and its charter is an executed contract, which the legislature has no

power to repeal or impair. *Board of Directors* v. *Houston,* '71 Ill. 322; *Hessler* v. *Drainage Comrs.* 53 ·id. 112; *Harward* v. *Drainage Co.* 51 id. 130; Sedgwick on Statutory and Const. Law, 517, 518; *Bruffett* v. *Railway Co.* 25 Ill. 355; Dillon on Const. Lim. 279; *Dartmouth College,* 4 Wheat. 518.

Section 62 of the Levee act of 1885 does not confer jurisdiction upon the county court to appoint three commissioners in districts organized before a justice of the peace prior to the passage of the law of 1885.

The position of a drainage commissioner is not an office, in contemplation of the act in relation to *quo warranto.* *People* v. *DeMill,* 15 Mich. 181; *Owners of Land* v. *People,* 113 Ill. 297; *Kilgore* v. *People,* 76 id. 550; *Professor of College,* 98 Pa. St. 394; *Pilot,* 66 Ga. 503; *Chief Engineer,* 86 N. C. 235; *Bunn* v. *People,* 45 Ill. 402.

Mr. SHERWOOD DIXON, and Mr. S. H. BETHEA, for the defendant in error:

A drainage district, under the Levee act in this State, is a *quasi* public corporation, and its commissioners are officers in such corporation, who may be superseded or removed. Sec. 31, art. 4, Const. of 1870, as amended in 1878; *Drainage Comrs.* v. *Kelsey,* 120 Ill. 482; *Hoke* v. *Henderson,* 25 Am. Dec. 703, note; *State* v. *Douglas,* 26 Wis. 128; Pomeroy's Const. Law, sec. 553, *et seq.; Bryan* v̇. *Cattel,* 15 Iowa, 538; *Taft* v. *Adams,* 3 Gray, 126; *People* v. *Brown,* 83 Ill. 95.

Section 62 of the Levee act of 1885 confers jurisdiction upon the county court to appoint three new commissioners in districts theretofore organized by justices of the peace. This appointment removes the old commissioners. *Peterson* v. *Lawrence,* 20 Ill. App. 637.

A drainage commissioner is a public officer,—at least he is an officer of a corporation formed under the laws of the State. Anderson's Law Dic. 727; 2 Starr & Curtis, Quo Warranto act, p. 1871, sec. 1.

The questions as to whether the original drainage district was properly organized, or as to whether the land of the district was all in one or was in two counties, can not be raised here. They are collateral matters, and such allegations in the information were unnecessary. 2 Starr & Curtis, Quo Warranto act, p. 1874, sec. 6.

Mr. Justice Craig delivered the opinion of the Court:

This was an information in the nature of a *quo warranto,* brought for the purpose of ousting the plaintiff in error, Asa B. Smith, from the office of drainage commissioner of Nelson Drainage District No. 1, in Lee county. The proceedings which led to the organization of the district were had before a justice of the peace, under section 46 of the act of 1879. (Public Laws of 1879, p. 133.) As appears from the information, Asa B. Smith was appointed drainage commissioner on the 8th day of October, 1883, by a justice of the peace. It also appears that after the passage of the act of 1885 the county court of Lee county appointed, under section 62 of the act, three commissioners, who qualified to act, but Smith refused to surrender the office, and insisted that he had the right to discharge the duties of drainage commissioner under his appointment. On a demurrer to the information in the circuit court a judgment of ouster was entered against the defendant, which was affirmed in the Appellate Court.

It is claimed by plaintiff in error that the charter of a drainage district, after the district is organized, is in the nature of a private grant, and the legislature has no power to change or repeal it. We do not concur in this view. The formation of drainage districts is authorized by the statute for public purposes. The districts are created for sanitary as well as drainage purposes. Their creation and management are provided for by the public laws of the State, and they are clothed with power to raise money by special assessment for public pur-

poses. The districts, organized as they are, and clothed with the powers they exercise, created by general public laws for public purposes, are in no sense private corporations, but on the other hand they are at least *quasi* public corporations, and as such, the laws providing for their organization are subject to be changed, modified or repealed, as the wisdom of the legislature may direct.

It is, however, insisted that the act of 1885 does not confer jurisdiction on the county court to appoint commissioners in districts organized before justices of the peace. Section 46 of the act of 1879 (Laws of 1879, p. 133,) provides: "When the cost of any proposed drain, ditch, levee or other work authorized by the act will not exceed $5000, and will not extend through or into more than three congressional townships, the petition may be filed with a justice of the peace, * * * and all the proceedings authorized by the act to be had in the county court may be had before such justice of the peace." The act of June 3, 1883, amended section 46 of the act of 1879, and provided that said section 46 should read as follows: "When the cost of any proposed ditch, drain or levee will not exceed $6000, the petition may be filed before a justice of the peace, and the proceedings authorized by the act to be had in the county court shall be had before the justice." By this amendment $6000 is inserted as the cost of the work, instead of $5000, and the limitation in regard to the work not extending into more than three townships is omitted. The act of 1879, as amended by the act of 1883, was again amended June 30, 1885. By this last act (Laws of 1885, p. 127,) section 46 of the act of 1879, as amended in 1883, was changed to section 48, and section 48 provided: "When the cost of any proposed drain, ditch, levee, or other work authorized by this act to be done, will not exceed $2000, the petition may be filed with a justice of the peace, * * * and all the proceedings authorized by this act to be had in the county court may be had before the justice." Section 49 provides:

"When the proceedings for organization shall be had before a justice of the peace, the justice shall appoint three commissioners * * * to lay out and construct the work and perform the duties required of commissioners appointed under this act, and such commissioners * * * shall have all the power and authority and perform all the acts and discharge all the duties imposed upon or required of commissioners appointed by the county courts."

Section 62 of the act of 1885 provides as follows: "On the first Monday in September, 1885, in each district heretofore organized under this act, and on the first Monday in September, after any district may be hereafter organized under this act, the county court shall appoint three commissioners for each respective district, one to serve one year, one for two years and one for three years from the date of the first appointments under this section; and on the first Monday of September of each year hereafter the court shall appoint one commissioner of said district, who shall hold his office for three years, and until his successor is appointed and qualified."

The language of this section of the act, if considered alone, is broad enough to authorize county courts to appoint commissioners in all drainage districts organized before or after the passage of the act, but in placing a construction upon the act of 1885, section 62 must be considered in connection with sections 48 and 49, and a construction should be given which will sustain and carry out each section, if that can be done. As has been seen, under the acts of 1879 and 1883 the county courts, in certain cases, were authorized to appoint commissioners, and in certain other cases justices of the peace were empowered to make the appointment. This same principle is engrafted on the act of 1885, and unless sections 48 and 49 are to be disregarded, the only reasonable construction to be placed upon these two sections, when considered in connection with section 62, is, that sections 48 and 49 authorize the appointment of *three* commissioners by a justice of the peace,

where the work authorized by the district to be done will not exceed $2000. In all other districts, under section 62 the commissioners must be appointed by the county court, in the manner declared in that section.

If we are correct as to the construction of the three sections of the act, it follows that plaintiff in error was not entitled to hold the office, as the district was one where the cost of the work proposed by the district exceeded the sum of $2000. Under section 62 of the act of 1885, on the first Monday of September, 1885, it was the duty of the county court to appoint three commissioners for the district, and after they had been appointed and qualified the plaintiff in error had no right whatever to act as commissioner of the district.

It is also insisted that the position of drainage commissioner is not an office, in contemplation of the Quo Warranto act. Section 1, chapter 112, of the statute, provides : "In case any person shall usurp, intrude into or unlawfully hold or execute any office or franchise, or any office in any corporation created by authority of this State,   *   *   *   the State's attorney, etc.,   *   *   *   may present a petition for leave   *   *   *  to file an information in nature of a *quo warranto.*" Here was a corporation created by authority of the State, and plaintiff in error assumed to be a drainage commissioner, and to act as such, under an appointment from a justice of the peace claimed to be authorized by the statute and the charter of the corporation, and whether the place he assumed to fill may be regarded strictly as an office or not, we are inclined to hold that he comes within the terms of the statute which authorize an information in the nature of a *quo warranto.* The question here presented is not like that in *Owners of Land* v. *The People,* 113 Ill. 296, and the decision in that case does not control here.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*