EDWARD J. HOLLENBECK

*v.*

MARTIN DETRICK *et al.*

*Filed at Ottawa March 28, 1896—Rehearing denied October 9, 1896.*

1. DRAINAGE—*petition to dissolve district—sufficiency of showing as to area and ownership.* The statutory requirement that a petition for dissolution of a drainage district shall be signed by four-fifths of the adult land owners owning not less than three-fourths in area of the assessed land, is satisfied where the record contains previous proceedings which show that a sufficient number owning a sufficient area have signed, though no land is expressly described in the petition.

2. SAME—*act of June 4, 1889, for dissolution of districts, is constitutional.* The act of June 4, 1889, (Laws of 1889, p. 117,) for the dissolution of drainage districts, is not in conflict with section 31, article 3, of the constitution, authorizing the General Assembly to pass laws permitting the owners or occupants of lands to construct drains across the lands of others.

3. SAME—*administering oath by attorney of parties does not invalidate proceedings.* While it is improper for a notary public appearing as an attorney for the petitioners in a proceeding to dissolve a drainage district, to take the oath to the petition, report of the commissioners, notice of hearing or of posting notices, such action will not invalidate the proceeding.

4. SAME—*title to lands need not be proved unless put in issue.* Under a verified petition to dissolve a drainage district it will be presumed

that the assessment is properly made on lands, to the owners thereof, and in the absence of an issue made by verified answer, title need not be proved as in ejectment.

5. SAME—*that dissolution will damage a land owner is no defense.* Dissolution of a drainage district cannot be prevented by a single land owner who will be damaged by the dissolution, in the absence of any statutory provision for such defense.

6. APPEALS AND ERRORS—*grounds of objection to jurisdiction must be stated in trial court.* The objection to the jurisdiction of the trial court in proceedings to dissolve a drainage district that the notice published was insufficient, cannot be first raised on appeal by parties who appeared and filed objections which did not raise the question, although an objection to the jurisdiction was made upon other reasons assigned.

APPEAL from the County Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding.

J. F. SANFORD, for appellant.

DIXON & BETHEA, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This was a proceeding before the county court of Lee county, on the 11th of August, 1894, for the dissolution of Nelson Drainage District No. 1, in that county. The proceeding is authorized by section 1 of an act entitled "An act to provide for the dissolution of drainage districts," approved June 4, 1889. By this section the district may be dissolved upon a hearing had upon a verified petition praying such dissolution, signed by not less than four-fifths of the adult land owners of such district who own, in the aggregate, not less than three-fourths in area of the assessed land thereof, etc. On hearing in the county court it was held that notice had been given as provided by statute, and the indebtedness of the district paid and costs of dissolution advanced, and dissolution was ordered.

The petition for the organization of the district is in evidence, but the order for organization does not appear

in the record. From the petition it appears the aggregate amount of land described in the petition is, in area, 1882½ acres. For one tract of 80 acres described in the petition the owner's name is not given. One tract of 160 acres is stated to be owned by two tenants in common. The residue is owned in different tracts and titles by fourteen persons, as stated in the petition. Four different assessments are offered in evidence, one of July 12, 1881, wherein 1812 acres of land, with tracts described as owned by sixteen different land owners, are assessed. The record then shows certain proceedings, wherein appears the verdict of a jury making the assessment of damages and benefits to lands within the district, and confirming the assessment in which 1812 acres of land belonging to fifteen different land owners were assessed, as also an assessment on two different townships for benefits to the highways of such townships, which appears to have been made in 1885. In 1889 an assessment of damages and benefits seems to have been made, and the area assessed was 1892 acres, belonging to fourteen land owners. This is only shown by a verdict of a jury. The record further shows the empaneling of a jury in June, 1893, for assessment of benefits and advantages, as well as damages, to lands in said district, and the assessment shows 1732 acres assessed, and all except 160 acres is owned by twelve different land owners; that 160 acres had in the three previous assessments been in the name of J. Terhune, and in this assessment stands in the name of four legatees of J. Terhune. The evidence shows conveyances by some of those named in the petition to others who are assessed as the owners. The petition for the dissolution of the district does not describe any lands, but states the petitioners are four-fifths of the adult land owners of the district and own not less than three-fourths in area of the land assessed, and opposite the name of each petitioner is the number of acres owned by him. From this it appears that the quantity

owned by the petitioners is 1450 acres, all but 160 acres being owned by eleven different persons, and that 160 borne in the first three assessments in the name of J. Terhune, and the petition is signed by four of her legatees. The petition and the last three assessments show the land by description of its numbers; the first assessment does not. The assessment as made on the land where described, omits certain names as owners and states other owners. In any view of the case the quantity of the land owned by the petitioners is in excess of three-fourths in area of the highest quantity assessed. The petition as drawn and the manner of the trial are exceedingly unsatisfactory, but from a careful consideration of the record we hold it sufficiently appears that four-fifths of the adult owners of land assessed signed the petition. The objection that the court had no jurisdiction cannot be sustained.

Appellant next urges the act authorizing the dissolution of a drainage district is unconstitutional. By the provisions of section 31 of article 3 of the constitution it is provided the General Assembly may pass laws permitting the owners of lands to construct drains, etc., across the lands of others and provide for the organization of districts, etc. This provision is not self-operative, nor is it mandatory. The right to take land to be used for a ditch results only after making compensation in damages for such use, and in contemplation of law such damages include all loss or injury to the one whose land is so taken for such purpose. In the exercise of that right there are none of the elements of a contract, although the amount of damages may be determined by agreement. Neither is the corporation one of a private character. It is created by a public act for public purposes, clothed with power of a high order, and the law providing for its organization is subject to be changed, modified or repealed. (*Smith* v. *People*, 140 Ill. 355.) The legislative power, under the constitution, includes every

subject within the scope of civil government not expressly withheld. The constitution is not a grant of power, but a limitation upon its exercise. (*Wilson* v. *Sanitary District*, 133 Ill. 443.) The fact that the legislature may create a corporation with perpetual succession is not inconsistent with the power to take away such right; the power to grant a corporate existence is not inconsistent with the power to take it away. The power to organize such district existed in the legislature, and it could delegate that power to be exercised in a particular way; likewise the power to dissolve existed in the legislature, and might be delegated for its exercise. The corporation created under the Drainage act is not protected by an impervious armor superior to that of other municipal bodies, and the right to repeal or amend the charters of municipal corporations exists, and may be exercised. (*People* v. *Brown*, 83 Ill. 95.) The act of June 4, 1889, is not unconstitutional.

It is next urged the petition was not properly verified, inasmuch as it was sworn to before a notary public who appeared in the case as one of the attorneys for petitioners; and for the same cause objection was made to the admission in evidence of the final report of the commissioners, the notice of the time the cause was set for hearing, and the affidavit of posting notices of application for dissolution. The question was discussed in *Linck* v. *City of Litchfield*, 141 Ill. 469, and the practice was disapproved. Whilst disapproving the practice we do not deem it reversible error.

The provision of the statute requires notice of dissolution to be given by posting notices, etc., and by the insertion in a weekly newspaper of such county for six successive weeks next prior to such hearing, and the certificate of publication shows the first insertion was made on the 16th day of August and the last on the 20th day of September. The hearing was set for the 1st of October. The appellant appeared and objected to the dissolution

of the district and filed certain specified objections in writing. The objection to the sufficiency of the notice was not then made and is first raised in this court. This objection, if made to the jurisdiction of the court in the trial court, would have been well taken if appellant, by his appearance and filing objections which did not raise the question now made, had not waived it so far as he was concerned. He cannot for the first time raise it here.

Counsel for appellant seeks to avoid the force of this rule of law by the argument that his first objection was the court had no jurisdiction of the matter involved in said petition. Had that been the objection and counsel had there bided it would have great force; but after making that objection counsel proceeded to assign the reasons therefor, and among the reasons assigned the sufficiency of the notice is not included. The principle involved is the same as where, on a motion for new trial, certain specific reasons are assigned. They exclude others which might be urged under the general motion, and will be held to have waived all causes not set forth in the written reasons. (*Ottawa, Oswego and Fox River Valley Railroad Co.* v. *McMath,* 91 Ill. 104.) Whilst waiver or consent cannot give jurisdiction of a subject matter not within the jurisdiction of a court, yet appearance and waiver may give jurisdiction of the person.

Appellant now contends that there was no evidence that petitioners were the owners of the lands within the district to the extent of three-fourths the area of land assessed. The statute prescribes what is necessary to be stated in the petition, and requires it to be verified, etc. Most of the petitioners were those who were described as owners of the land in the petition for the organization of the district. The second, third and fourth assessments made showed the description of the land and ownership, and the evidence connects the petitioners with the ownership of lands to the full extent of the ownership, as shown in the organization of the district.

A petition to dissolve a district does not, in the absence of an issue made by a verified answer, require title to be proven as in ejectment. Presumptions will be indulged that the assessment is made to the owner of the lands on the lands, and when verified by affidavit attached to the petition will be accepted as sufficient, in the absence of any denial by answer.

Appellant sought to prove he would be damaged by a dissolution of the district, which evidence was objected to and the objections sustained, to which he excepted. The enactment of statutes is for the legislature; their construction is within the duties of courts. With the necessity or wisdom of the statute courts have nothing to do. By providing for the dissolution of the district and providing what should be done to effect such dissolution, the legislature did not see proper to provide the dissolution should be prevented by a single land owner because he might be damaged by such dissolution.

The petition seems to have been carelessly and unskillfully drawn, but contains the essential elements required by the statute, and must be held sufficient. The manner of drawing the petition somewhat loosely may probably have resulted from the fact that the appellant, E. J. Hollenbeck, had entered into an agreement, for a valuable consideration, that the district should be dissolved. Without entering on a discussion of that question, and passing other minor questions which are deemed unimportant, we see no reason for disturbing the action of the court, so far as appellant is concerned, and the order of the county court of Lee county dissolving the district is affirmed.

*Order affirmed.*