J. O. NYSTROM, City Recorder and Ex-officio Clerk of the City Court, Salt Lake City, Respondent, v. FRANK H. CLARK, Appellant.

No. 1476.    (75 Pac. 378.)

1. Justices of the Peace: Dockets: Custody and Disposition: Delivery to Clerk of City Court:

By Session Laws 1901, page 109, chapter 107, the five precincts theretofore existing in Salt Lake City were abolished, and the entire city made one precinct, for which a single justice of the peace was elected pursuant thereto. *Held*, that the fact that he happened to be one of the five justices who held office before the precincts were merged into one did not except him from the requirement of section 23, page 114, of chapter 109, Session Laws 1901, that justices "whose term of office shall have expired" should deliver all their files, papers, etc., to the clerk of the city court created by that chapter.

2. Same: Statute: Construction.

When such statute went into effect, abolishing these precincts, the terms of office of the several justices therein not only expired, but their offices ceased to exist.[1]

---

[1]State v. Howell, 26 Utah 53; 72 Pac. 187.

3. **Same: Constitutionality.**
Revised Statutes 1898, sections 3760-3763, providing in general for the custody and disposition of the dockets and files of justices of the peace on the expiration of their terms of office, and in cases of vacancy by death or removal, etc., include only cases where the justice precincts continue to exist, and hence do not render invalid Session Laws 1901, page 114, chapter 109, section 23, which provides for cases where several city precincts have been abolished and merged intó one.

4. **Same: Reference to Subject in Title of Act.**
The purpose of Session Laws 1901, page 110, chapter 109, as shown by its title, was to establish city courts in cities of the first class, provide for the qualifications, election, and removal of judges, their powers, authority, and jurisdiction, and prescribe the rules of practice and procedure. *Held*, that section 23, relating to the custody by clerks, of the files, papers, etc., of city justices of the peace whose terms of office had expired, was not void as not being a subject clearly expressed in the title, as required by Constitution, article 6, section 23.

(Decided February 5, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. S. W. Stewart*, Judge.

Mandamus to compel the defendant to turn over to plaintiff the records held by said defendant under a claim of right as Justice of the Peace in and for Salt Lake City. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*Messrs. Frick & Edwards* for appellant.

*George L. Nye, Esq.*, City Attorney, *W. C. Shoup, Esq.*, and *James Ingebretsen, Esq.*, Assistant City Attorneys, for respondent.

### STATEMENT OF FACTS.

J. O. Nystrom brought this action in his official capacity as clerk of the city court of Salt Lake City, which office and court were created by chapter 109, p. 110, Sess. Laws 1901. Prior to January 5, 1903, Salt Lake City, which is a city of the first class, was divided into five precincts, in each of which was elected a justice of the peace. In 1901, the Legislature, by an amendment to the then existing law, provided as follows:  "That cities of the first class shall not be divided into precincts for the purpose of electing precinct officers, but such cities shall be deemed one precinct for the purpose of electing one justice of the peace." Chapter 107, p. 109, Sess. Laws 1901. Chapter 108, p. 109, provides "that in cities having a population of over fifteen thousand, the office of city justice of the peace is hereby abolished and no election for said office shall be held. This provision shall not affect the office or term of office of present city justices of the peace."

The Legislature at the same session passed an act (chapter 109, p. 110) creating and establishing city courts in cities of the first class. Section 1 of the act provides that "there is hereby created within cities of the first class in this State a court to be known as the city court of —— (naming the city) and there is also created the office of city judge, whose election, qualification, duties and term of office shall be as hereinafter provided." Section 9, so far as material here, is as follows:  "The city recorder of such cities of the first class is ex-officio clerk of the city court." Section 23, in part, provides that "the ex-officio clerk shall be the custodian of all the files, papers, indexes, and dockets of the justices of the peace of cities of the first class, whose term of office shall have expired, and said justices of the peace are hereby required and directed, on the termination of their offices, to deliver to said clerk all of their papers, files, and indexes and dockets, . . . and the said city courts are hereby authorized and di-

rected to proceed to hear and determine all actions and cases so pending before such justices of the peace, and to issue final process therein and to receive such fees therefor as are now or herein may be provided by law." .

The defendant, Frank H. Clark, was duly appointed and acting justice of the peace in the First Precinct of Salt Lake City from June 9, 1902, when the law abolishing the several precincts referred to, and merging them into one, went into effect. At the general State election held November 4, 1902, he was elected justice of the peace of Salt Lake City precinct, which precinct covered the territory included in the five precincts mentioned. He duly qualified and entered upon the duties of the office, and continued to retain possession of all papers and files, and to use the indexes and dockets in his new office that he had formerly used while acting as justice of the peace of the First Precinct before said precinct was abolished. The plaintiff, by virtue of the provisions of section 23, c. 109, supra, demanded of the defendant that he surrender and deliver to plaintiff the files papers, indexes, and dockets above mentioned, which defendant refused and neglected to do, and this action was instituted to compel him by writ of mandate to comply with the foregoing provisions of chapter 109, Sess. Laws, by delivering to plaintiff the papers, files, indexes, and dockets referred to. The court found the issues in favor of the plaintiff, and issued the writ. Defendant appeals.

McCARTY, J., after stating the facts, delivered the opinion of the court.

The first question presented by this appeal is, does section 23, p. 114, c. 109, apply to the appellant? By the terms of chapter 107, p. 109, Sess. Laws 1901, the five precincts theretofore existing in Salt Lake City were abolished, and the entire city made one precinct. That the Legislature had the constitutional power and authority to do this is not questioned. This

being conceded, when the act went into effect by which the territorial limits of each of the five precincts in Salt Lake City were obliterated, and the precincts thereby abolished and merged into one, the term of office of each of the five justices of the peace who held office in these precincts prior to and next preceding January 5, 1903, expired, and its necessarily followed that they could not hold over; neither could they be elected to succeed themselves in the precincts which had been abolished. The provisions of chapter 107 are general, and they contain no saving clause or proviso that excepts any precinct in cities of the first class from their operation; and, as hereinbefore stated, the First Precinct, by the terms of said section, was abolished in common with the other four precincts of Salt Lake City. Therefore the language of section 23, p. 114, c. 109, which refers to justices of the peace "whose terms of office shall have expired," includes all five of the justices of the peace who held office in the precincts mentioned at and prior to the time they were abolished, because, when the act went into effect abolishing these precincts, the terms of office of the several justices of the peace not only expired, but ceased to exist. State v. Howell, 26 Utah 53, 72 Pac. 187. Suppose, for illustration, that neither of the five justices of the peace who held office in Salt Lake City prior to January 5, 1903, had been elected to the office now held by appellant, but that some new man had been elected and installed in the office; which of the former five justices would he have succeeded, and which set of indexes and dockets would he be entitled to take possession of by virtue of his office? It is manifest that he would either be entitled to the justices' indexes and dockets of all five of the precincts, or none. It is therefore plain that appellant possesses no greater right to the possession of the books in question because he happened to be one of the five justices of the peace who held office in Salt Lake City before the precincts were all merged into

one, than if he had on January 5, 1903, been installed for the first time into the office.

Appellant, in his brief, says: "When section 23, p. 114, c. 109, thus was framed, it was framed in view of the fact that at least four out of five of the offices of justice of the peace in and for Salt Lake City had been abolished." And again: "It is no answer to say that all of the other justices in Salt Lake City were required to deliver their dockets and papers to respondent. All these other justices, by virtue of the abolishment of their office, ceased to be courts, and thus held no office under the Constitution or laws of this State." If this contention is sound, viz., that "all these other justices, by virtue of the abolishment of their offices, ceased to be courts," it disposes of this branch of the case, because, as hereinbefore stated, chapter 107 operated upon all alike.

Appellant contends that chapter 109 is a special law, and that section 23 is void, because, as he insists, there is a general law covering the same subject. This position of appellant is untenable, as it will be seen by an examination of sections 3760 to 3763, Rev. St. 1898, which he relies upon in this connection, that they refer only to cases wherein the terms of office of justices of the peace have expired by limitation in precincts which have not been abolished, but continue to exist, or the office for any other reason has become vacant, and not to cases where, as in the case under consideration, several precincts have been abolished and merged into one. As stated by counsel for respondent in their brief: "A new situation was about to arise in Salt Lake City. Something that had not occurred before, and likely would not happen again, was foreseen, for which no provision then existed in the statutes." Elective terms of office were not merely to expire, but the precincts in which the then offices were held had been abolished. It was to meet exigencies of this character that the law in question was passed.

Appellant further contends that section 23, p. 114,

c. 109, is void because the title thereof does not contain direct reference to the justice's dockets, indexes, and files affected thereby, which, he insists, does not comply with the requirements of section 23, art. 6, Const., which provides that "except general appropriation bills, and bills for the codification and general revision of laws, no bill shall be passed containing more than one subject which shall be clearly expressed in its title." On this point appellant, in his brief, says: "If papers, files, indexes, and dockets are to be taken from an existing constitutional court, should not some reference thereto be contained in the title of the act itself. Bear in mind that the act (chapter 109) created a city court, and provided for such matters that pertained thereto. To do this, the Legislature had ample power." As hereinbefore stated, the First Precinct, in which the court referred to was held, was abolished by the provisions of chapter 107, Sess. Laws 1901, and the term of office of the then acting justice of the peace for that precinct expired when the act went into effect. No provision was made in this act for the disposition of the records, files, and papers of the justice of the peace of that precinct when it ceased to exist. Therefore the contention that the tribunal of this particular precinct remained an "existing constitutional court" is untenable.

The validity of chapter 107, supra, and the power of the Legislature to create the city court, being conceded, the only remaining question for our determination is, does the title of chapter 109 clearly express the subject-matter of the act? The title, so far as material here, is as follows: "An act relating to and establishing city courts in cities of the first class, providing for the qualifications, election and removal of its judges their . . . powers, authority and . . . fixing the jurisdiction, both civil and criminal . . . and prescribing the rules of practice and procedure." It will be noticed that the purpose of the act is the creation of a city court, and this is clearly expressed in the title; and, while the jurisdiction and powers of the court are

not particularized and set out in detail in the title, they are referred to in a general way, and are sufficient to enable a person upon reading the title to understand that the jurisdiction and powers of the court are defined in the act.   To hold that the title must recite in detail the contents of each section of an act would require the title to be as broad and comprehensive as the body of the act itself, which we do not think is contemplated by the foregoing provision of the Constitution.

The judgment of the trial court is affirmed, with costs.

BASKIN, C. J., and BARTCH, J., concur.