## Peoria Star Company v. W. H. Lambert.

### Gen. No. 4,402.

1. BILL OF EXCEPTIONS—*when, does not present case for review.* Where it appears by the bill of exceptions that a written motion for a new trial, specifying reasons therefor, was filed, but there is nothing in the bill of exceptions showing what such reasons were, a review cannot be had inasmuch as all points not mentioned in such written motion are deemed to have been waived, and without knowledge of its contents the court cannot say what reasons were relied upon, and what reasons were waived.

2. BILL OF EXCEPTIONS—*how, construed.* A bill of exceptions is the pleading of the party alleging the exception, and like any other pleading, is to be construed most strongly against him.

3. VERDICT—*when, not disturbed.* A verdict will not be disturbed unless it is so manifestly against the evidence that the trial court should have set it aside.

Action of assumpsit. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

ARTHUR KEITHLEY, for appellant.

WINSLOW EVANS and W. T. WHITING, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

This is an appeal from a judgment in the Circuit Court of Peoria county for $444.32 in favor of appellee and against appellant. The suit was originally brought by appellant against appellee in assumpsit, the declaration, as stated by counsel, consisting of the common counts. It is further stated that the general issue was pleaded and also set-off. The pleadings are not preserved in the record before us. Counsel for appellee in their brief say that the pleadings and accounts filed therewith and the instructions have been lost since the trial and judgment, and a stipulation entered into between the parties by which it was agreed that the pleadings on both sides were sufficient. The abstract contains what is denominated as an amended bill of particulars filed by appellee, covering some two and one-half pages of the abstract, but no such paper is to be found in the bill of exceptions nor anywhere else in the record before us. The bill of exceptions recites that appellant moved the court to set aside the verdict of the jury and to grant a new trial, " and filed the following reasons in writing for its motion, to wit (here insert motion for a new trial);" and further recites that the court overruled said motion and also gave judgment on the verdict, to which appellant excepted, but the motion and the points or reasons therefor are not to be found in the bill of exceptions. The abstract purports to set out the grounds or points given in the motion for a new trial but no such thing is to be found in any part of the record before us in this case. It is therefore impossible for us to know what grounds were urged in support of the motion for a new trial or what reasons were assigned why the verdict should be set aside. Almost the sole ground urged by appellant for a reversal of this case, and the one to which its argument is entirely devoted, is, that the verdict is contrary to and not supported by the evidence. Whether this was one of the reasons assigned in support of the motion for a new trial we do not know, and are of opinion that neither that nor any other ques-

tion is brought before us for our consideration by this appeal. If the motion for a new trial had been merely a general motion with no points in writing filed, and it was disposed of without objection, under the rule laid down in O., O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104, it would have preserved the question of the sufficiency of the evidence. The bill of exceptions here shows that points in writing, or reasons for asking a new trial, were filed. This being so, appellant waived all other reasons not mentioned. In the McMath case the court say: "If plaintiff in error had filed certain points in writing particularly specifying the grounds of his motion, then he would, of course, be confined in the Appellate Court to the reasons specified in the court below, and would be held to have waived all causes for a new trial not set forth in his written grounds." In Met. West Side El. R. R. Co. v. White, 166 Ill. 375, it is said: "The rule is, where a party files his motion for a new trial and specifies the grounds of his motion, then he is confined to those specified and set forth in the motion; but when the motion is general and no special grounds are stated the party filing the motion may insist on a new trial for any existing cause." Speaking of the same question, the court say in Hollenbeck v. Detrick, 162 Ill. 388: "The principle involved is the same as where, on a motion for a new trial, certain specified reasons are assigned. They exclude others which might be urged under the general motion, and will be held to have waived all causes not set forth in the written reasons." The same rule is announced in Hintz v. Graupner, 138 Ill. 158; Consolidated Coal Co. v. Schaefer, 135 Ill. 210; Brewer & Hoffman Brewing Co. v. Boddie, 162 Ill. 346; West Chicago St. R. R. Co. v. Krueger, 168 Ill. 586; I. C. R. R. Co. v. Johnson, 191 Ill. 594; Janeway v. Burton, 201 Ill. 78.

We cannot know whether any of the errors assigned here were mentioned in the points or reasons filed with the motion for a new trial below or not, and if they were not, they were waived and could not now be availed of in this court. The bill of exceptions is a pleading of the party

alleging the exception, and like any other pleading is to be construed most strongly against the party who prepared it. Rogers v. Hall, 3 Scam. 5; McLaughlin v. Walch, Ibid. 185; McKee v. Ingalls, 4 Scam. 30. A question in all respects identical with this was before the Appellate Court for the First District in Alley v. Limbert, 35 Ill. App. 592. In that case appellant asked a reversal on two grounds, viz: that the verdict was against the weight of the evidence and that the damages were excessive. The bill of exceptions did not contain the motion for a new trial but recited that appellant moved the court to set aside the verdict and grant a new trial, "and filed the following reasons in writing, and affidavits supporting same, for his motion, to wit: (See affidavits, etc., already copied in this record. See pages 10, 11, 12.) The court denied the motion and gave judgment." This is all that was shown concerning the motion for a new trial and the court say: "Now, the bill of exceptions in this case does recite the filing of a motion for a new trial, but it was a motion which set out the reasons in writing; neither a copy of the motion nor of the reasons in writing are found in the bill of exceptions. There is a reference to affidavits, etc., and to pages 10, 11 and 12 of the record, but even if we might follow such references, which, from the authorities above cited, it will be seen we are not at liberty to do, we should find no motion for a new trial or written reasons therefor on any of the pages referred to. The bill of exceptions is the pleading of the party and to be taken against him, and unless error is made to appear, the action of the trial court must be presumed to be correct. * * * In order to sustain the errors assigned by appellant in this court, he must have included them as grounds for the motion for a new trial in the court below; but having set out his reasons in writing, and having failed to show by the record what they were, or that the reasons assigned here were named there, we must presume against him and in favor of the court below."

While we feel that our duty under the law requires that we affirm this judgment because the record presents no

question for our consideration, we are aware that the determination of causes upon such grounds is not satisfactory to the party bringing the appeal, and although not required to do so, we have examined the evidence, read the briefs of counsel and are satisfied that this judgment would have to be affirmed on the merits. The evidence is very conflicting and of a character that renders it impossible to determine the exact truth of the controversy. It belongs to that class of cases where this court could not say that the verdict is so manifestly contrary to and not supported by the weight of the evidence that the trial court should have set it aside.

The judgment is affirmed.

*Affirmed.*